**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leo J. DOREY, Jr., Defendant-Appellant.**

No. 82–1322.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1983.

Decided July 11, 1983.

Wilbur T. Nelson, Boise, Idaho, for defendant-appellant.

Warren S. Derbidge, Asst. U.S. Atty., Boise, Idaho, for plaintiff-appellee.

Before GOODWIN, ALARCON, and FERGUSON, Circuit Judges.

ALARCON, Circuit Judge:

After trial by jury, Leo J. Dorey was convicted of each charge set forth in a five-count indictment. Each count charged that, on different dates, Dorey "willfully and knowingly did make and cause to be made a false, fictitious and fraudulent statement and representation as to material facts in a matter within the jurisdiction of the United States Postal Service and/or United States Department of Labor, submitted to the United States Department of Labor; in which Leo J. Dorey, Jr. did make an affidavit or report required by section 8106 of Title 5, United States Code ... a statement showing that he had no income, nor employment under the Federal Employees' Compensation Act, whereas in truth and in fact as he then knew, he in fact was self employed and performing substantial work; all in violation of section 1001, Title 18, United States Code."

We must reverse the judgment because the government failed to prove that Dorey was required to file a report under 5 U.S.C. § 8106, as charged in the indictment. Accordingly, we do not reach the merits of Dorey's additional contentions.

### I.

In October, 1976, Dorey injured his back while working as a letter carrier for the United States Postal Service. He filed a claim for benefits under the Federal Employees' Compensation Act. After a medical examination, he was rated temporarily totally disabled. He retained this rating until April, 1982.

During the time he was receiving benefits as a temporarily totally disabled person, he was self employed in two different ventures. He failed to make a profit at either. During these periods of self-employment—between January 1979 and January 1981—he received questionnaire forms from the United States Department of Labor. These forms requested information as to Dorey's employment status. On each form Dorey answered with the word "none" to questions requesting that he list his employment. The indictment is based on the falsity of this reply because of the fact that Dorey was in fact self-employed.

Prior to trial Dorey's counsel moved to dismiss the indictment on the basis that while each count expressly charged a violation of 18 U.S.C. § 1001 [1] it also alleged facts showing the commission of a crime under 18 U.S.C. § 1920 [2], *i.e.,* the making of a false "affidavit or report required by section 8106 of Title 5, United States Code." The government replied that pursuant to this court's decision in *United States v. Talkington,* 589 F.2d 415, 416–17 (9th Cir. 1978), this language was necessary to the indictment in order to satisfy the materiality requirement of section 1001. The district court denied the motion stating that "the additional elements are properly charged."

During the government's case-in-chief, William H. Howard, an official with the United States Department of Labor, in charge of administration of the Federal Employees' Compensation Act testified over objection that section 8106 required persons like Dorey, who were temporarily totally disabled, to file a statement accounting for all employment "including periods of self-. employment or unemployment." The

---

1. 18 U.S.C. § 1001 provides:

 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than

$10,000 or imprisoned not more than five years, or both.

2. 18 U.S.C. § 1920 provides:

 Whoever makes, in an affidavit or report required by section 8106 of title 5 or in a claim for compensation under subchapter I of chapter 81 of title 5, a statement, knowing it to be false, is guilty of perjury and shall be fined not more than $2,000 or imprisoned not more than one year, or both.

government however, did not offer any medical evidence or attempt to show that Dorey was partially disabled at the time he was requested to file the form concerning his employment status.

After the government rested its case, Dorey's trial attorney made a motion for a judgment of acquittal on the ground that the government had failed to prove that a temporarily totally disabled person was required to file an affidavit or report under 5 U.S.C. § 8106. The motion was denied. The district court concluded that a totally disabled person was required to file an affidavit or report under that section.

Later in the trial, the court ruled that he would not permit the jury to hear medical evidence as to whether Dorey was "partially disabled or not." In this respect, the trial judge stated: "the court rules as a matter of law that the total temporary disability is a partial disability within the meaning of 18106 (sic)." The district court also commented: "So that takes the factual issue from the jury and leaves you a clear-cut legal issue that if you lose here that you can take an appeal."

## II.

We now turn to the applicable statutes to determine if the district court was correct in concluding that the terms temporary total disability and partial disability are synonymous for purposes of section 8106.

**3.** 5 U.S.C. § 8106 discussing partial disability provides in its entirety:

(a) If the disability is partial, the United States shall pay the employee during the disability monthly monetary compensation equal to 66⅔ percent of the difference between his monthly pay and his monthly wage-earning capacity after the beginning of the partial disability, which is known as his basic compensation for partial disability.

(b) The Secretary of Labor may require a partially disabled employee to report his earnings from employment or self-employment, by affidavit or otherwise, in the manner and at the times the Secretary specifies. The employee shall include in the affidavit or report the value of housing, board, lodging, and other advantages which are part of his earnings in employment or self-employment and which can be estimated in money. An employee who—

Section 8106(b) provides in pertinent part as follows:

The Secretary of Labor may require a partially disabled employee to report his earnings from employment or self-employment, by affidavit or otherwise, in the manner and at the times the Secretary specifies.[3]

Nowhere in section 8106 is there any reference to total disability. Section 8105, however, is headed "Total Disability" and provides:

(a) If the disability is total, the United States shall pay the employee *during the disability* monthly monetary compensation equal to 66⅔ percent of his monthly pay, which is known as his basic compensation for total disability.

(b) The loss of use of both hands, both arms, both feet, or both legs, or the loss of sight of both eyes, is prima facie permanent disability. (emphasis added).

Thus, the plain language of section 8105(a) applies to *temporary* total disability while section 8105(b) expressly refers to permanent total disability. It is also significant that section 8105, which was enacted on the same date as section 8106, does *not* authorize the Secretary of Labor to require totally disabled person to report his or her earnings from employment or self-employment. It is obvious then that when Congress wishes to give the Secretary of Labor

(1) fails to make an affidavit or report when required; or
(2) knowingly omits or understates any part of his earnings;

forfeits his right to compensation with respect to any period for which the affidavit or report was required. Compensation forfeited under this subsection, if already paid, shall be recovered by a deduction from the compensation payable to the employee or otherwise recovered under section 8129 of this title, unless recovery is waived under that section.

(c) A partially disabled employee who—
(1) refuses to seek suitable work; or
(2) refuses or neglects to work after suitable work is offered to, procured by, or is not entitled to compensation.

the authority to require a report of employment from a person receiving benefits, it knows how to do so.

## IV.

 We have no hesitancy in concluding that section 8106 by its terms does not permit the Secretary of Labor to require a temporarily totally disabled person to file a report. Thus, the government could not establish as a matter of law that Dorey, as a temporarily totally disabled person, was required, as charged in the indictment, to file an affidavit or report under section 8106. In a prosecution under section 1001 it is "incumbent upon the Government to prove that the defendant had the duty to disclose the material facts at the time he was alleged to have concealed them. (citations omitted)." *United States v. Irwin,* 654 F.2d 671, 678 (10th Cir.1981). There being no evidence that Dorey was partially disabled, the government failed to prove that he was required to disclose the true status of his prior employment.

 We have no doubt that there are valid administrative reasons to give section 8106 a construction which can justify reading the word partially to mean totally. The due process clause, however, requires that a statute, which is used as the basis of a criminal charge, give fair warning of the conduct which is prohibited so that each person can conform his conduct to the requirements of the law. *McBoyle v. United States,* 283 U.S. 25, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816 (1931). *See also Dunn v. United States,* 442 U.S. 100, 112, 99 S.Ct. 2190, 2197, 60 L.Ed.2d 743 (1978) (fundamental principles of due process mandate that no individual be forced to speculate whether his conduct is prohibited). Section 8106 and section 1001, when read together, do not alert temporarily totally disabled persons that they face criminal prosecution if they fail to report truthfully about their employment.

The judgment is reversed.