**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Ronald L. OLSON, Defendant-Appellee.**

**No. 84–3067.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 1984.

Decided Jan. 17, 1985.

Harry McCarthy, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellant.

Wilbur T. Nelson, Nelson, Westberg & McCabe, Ctd., Boise, Idaho, for defendant-appellee.

Before BROWNING, Chief Judge, GOODWIN and SKOPIL, Circuit Judges.

PER CURIAM.

The government appeals from dismissal of an indictment charging Ronald Olson with concealing information it had asked him to provide. We reverse and remand for reinstatement of the charges and trial on the merits.

Olson is a former air traffic controller, who in 1973 was classified as temporarily totally disabled and entitled to receive disability benefits under the Federal Employees' Compensation Act, 5 U.S.C. § 8101 et seq. In conjunction with receiving those benefits, Olson was required annually to complete a form provided by the United States Department of Labor. In March 1984 Olson was indicted for making, on the government forms, false statements about his employment and earnings status, in violation of 18 U.S.C. § 1001. The district court dismissed the indictment, on the grounds that under *United States v. Dorey*, 711 F.2d 125 (9th Cir.1983), persons classified as temporarily disabled have no duty to provide the information requested of Olson.

The dismissal of this indictment was error. The charge in the *Dorey* indictment was significantly different from the charge in the Olson indictment. In *Dorey*, the defendant, who had been categorized as "temporarily totally disabled," was charged with making a "false, fictitious and fraudulent statement ... [in] an affidavit or report required by section 8106 of Title 5, United States Code ... in violation of section 1001, Title 18, United States Code." 711 F.2d at 126. This court reversed the district court judgment of conviction after concluding that § 8106 required only partially disabled persons to make the report, and noting that § 8105, which referred to totally disabled persons, included no such requirement. We explained:

[T]he government could not establish as a matter of law that Dorey, as a temporarily totally disabled person, was required, *as charged in the indictment, to file an affidavit or report under section 8106.* In a prosecution under section 1001 it is "incumbent upon the Government to prove that the defendant had the duty to disclose the material facts at the time he was alleged to have concealed them." [citations omitted]. There being no evidence that Dorey was partially disabled, the government failed to prove that he was required to disclose the true status of his prior employment.

*Dorey*, 711 F.2d at 128 (emphasis added).

Unlike the *Dorey* indictment, the indictment of Olson does not charge that he violated 18 U.S.C. § 1001 by failing to make a disclosure required by another section in the United States Code or even that he withheld information which he had a duty to provide. It simply charges that he made a false statement on a government form in violation of § 1001. Section 1001 itself says only:

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

On its face, 18 U.S.C. § 1001 does not limit its prohibition of falsification to matters which another statute or a regulation requires be provided. *See Neely v. United States*, 300 F.2d 67, 71 (9th Cir.) *cert. denied*, 369 U.S. 864, 82 S.Ct. 1030, 8 L.Ed.2d 84 (1962); *Cohen v. United States*, 201 F.2d 386, 391 (9th Cir.1953). Nonetheless, the gist of Olson's argument is that under *Dorey*, this court has eviscerated § 1001 whenever the government cannot point to an external disclosure requirement

such as 5 U.S.C. § 8106. The government maintains that § 1001 has a life of its own.

■ The government's position is consistent with the statutory language and with the way this court has interpreted that language. Section 1001 is a "catch-all, reaching those false representations that might 'substantially impair the basic functions entrusted by law to [the particular] agency,' but which are not prohibited by other statutes." *United States v. Rose,* 570 F.2d 1358, 1363 (9th Cir.1978) (quoting *United States v. Bedore,* 455 F.2d 1109 (9th Cir.1972). It is "intended to serve the vital public purpose of protecting governmental functions from frustration and distortion through deceptive practices," *Ogden v. United States,* 303 F.2d 724, 742 (9th Cir.1962), and to reach "those false statements that might support fraudulent claims against the Government, or that might pervert or corrupt the authorized functions of those agencies to whom the statements were made." *United States v. Bedore,* 455 F.2d 1109, 1111 (9th Cir.1972). In accord with the philosophy expressed in these cases, we hold that § 1001, by itself, required Olson to disclose the information he has been accused of withholding.

We cannot dispose of this case without giving some consideration to the possibility, raised by Olson, that retrial would violate the double jeopardy clause of the Fifth Amendment.

■ Our jurisdiction to decide the case arises from the first paragraph of 18 U.S.C. § 3731 (1982):

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment ... except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

Under the circumstances presented here, we find no merit in Olson's argument that jeopardy attached when the indictment was dismissed.

The Supreme Court has long held that jeopardy attaches in a nonjury trial, as Olson's was scheduled to be, when the court begins to hear evidence. *See e.g., Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). The record shows that during the pretrial hearing on Olson's motion to dismiss the indictment, which occurred on the day set for trial, the government described what evidence it would present if allowed to proceed. No witness was sworn, and counsel's statements did not constitute hearing evidence for the purpose of deciding the issue of guilt or innocence, which is the essence of the attachment of jeopardy. *See United States v. Vaughan,* 715 F.2d 1373, 1376 (9th Cir.1983).

In *Lee v. United States,* 432 U.S. 23, 33–34, 97 S.Ct. 2141, 2147–2148, 53 L.Ed.2d 80 (1977), the Supreme Court held that jeopardy did not attach when a defective indictment was dismissed at the end of trial after all the evidence had been presented. Because the circumstances in *Lee* were somewhat unusual, we do not read *Lee* to stand for the proposition that indictments generally can be dismissed at a late stage of a trial without causing jeopardy to attach. Rather, *Lee* reinforces the principle that the attachment of jeopardy is to be determined by the use of flexible, not mechanical, considerations. *United States v. Jorn,* 400 U.S. 470, 480, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971); *United States v. Choate,* 527 F.2d 748, 751 (9th Cir.1975), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976).

Under *Lee,* it is possible that jeopardy will not attach even if some evidence has been received. To the limited extent that the trial court in this case heard proffers of evidence during the hearing on Olson's motion to dismiss, it did so without subjecting Olson to the risk that he would be found guilty, and thus without affecting the interests protected by the double jeopardy clause. *See Serfass,* 420 U.S. at 391–92, 95 S.Ct. at 1064–65.

The case at bar has some similarity to *United States v. Hill,* 473 F.2d 759 (9th Cir.1972). In *Hill,* the defendants were charged with mailing obscene materials. The trial judge reviewed the materials, de-

cided they were not obscene, and dismissed the indictment. We held that the district court had essentially found the defendants not guilty, and that jeopardy had attached. 473 F.2d at 761. Olson would have us find that in essence the *Hill* dismissal and the *Olson* dismissal are the same; *i.e.* that in each case the trial court found that the defendant could not be culpable as charged.

The cases are distinguishable, however, because the finding of the trial court in *Hill* was an application of law to facts established by evidence which the court received and considered. At the least, it was a mixed determination of law and fact. The *Olson* trial court made a purely legal determination about the sufficiency of the indictment, without receiving and evaluating evidence and applying it to the question of guilt or innocence. Jeopardy does not attach without the consideration of some or all of the factual elements in the case, *United States v. Scott*, 437 U.S. 82, 96–97, 98 S.Ct. 2187, 2196–2197, 57 L.Ed.2d 65 (1977); *United States v. Ember*, 726 F.2d 522, 524 (9th Cir.1984), and the risk of a finding of guilt based on the resolution of a fact issue. *See Serfass*, 420 U.S. at 389, 391–92, 95 S.Ct. at 1063, 1064–65. There has been no resolution of the charges against Olson, nor risk thereof.

Reversed and remanded.