UNITED STATES of America,
Plaintiff-Appellee,

v.

William C. AUSTIN,
Defendant-Appellant.

Nos. 86–1216, 86–2395.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 1987.

Decided May 20, 1987.

Peter J. McLaughlin, Honolulu, Hawaii, for plaintiff-appellee.

R. Steven Geshell, Honolulu, Hawaii, for defendant-appellant.

Before POOLE, NORRIS and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Austin appeals the district court's partial denial of his 28 U.S.C. § 2255 motion filed May 13, 1986, and the court's June 9, 1986 resentencing. Austin has offered no reason why the resentencing should be reversed, and we find none. We now turn our focus to his § 2255 motion. We affirm.

## I. FACTS AND PROCEEDINGS BELOW

In 1979, while employed as a crane operator, the appellant injured his back. From August 1979 until February of 1983, he received disability payments from the government. In 1981 and again in 1982, Austin received a letter from the Department of Labor, Office of Worker's Compensation Programs stating that to continue his disability benefits, he must fill out and submit the attached form CA–1032. In that letter, he was told that "[a]ll questions must be answered completely and fully." The letter also instructed that "[y]ou must report any and all employment and pay/earnings during the past 12 months (or since your last employment and pay/earnings was reported to this office)." With regard to self-employment, the instructions were even more specific, stating:

If you did not work for others but were self-employed (such as farming, operating a store or business, etc.) you must report such employment and show as "rate of pay" what it would have cost you to have hired someone else to do the same work. You must also report the number of hours worked each week and describe the work performed.

The form was only one page long, and at the top of the form, there was a warning that if the questions were answered in a false or evasive manner, the applicant's benefits could be suspended or he could be fined or imprisoned if the answers were found to be fraudulent.[1] The next section read as follows:

PART A. EMPLOYMENT: *Report all employment (including self employment) and pay/earnings and account for all periods of unemployment.* Attach an additional sheet if more space is needed.

*Names and Address of Employers/Dates Employed/Rate of Pay/Kind of Work*

The bottom of the form, contained a pre-printed "CERTIFICATION" that "all statements made in response to questions on this form are true, complete, and correct to the best of my knowledge and belief. Any information left blank on the form ... indicates an answer by me that I have no information to provide that is required by the question." On March 17, 1982, the applicant submitted form CA–1032. He had completed it by writing "N/A" in each of the sections inquiring about his employment. On December 17, 1982, he submitted another form CA–1032 completed in a similar manner. The Government obtained evidence tending to show that during these periods, the appellant was the owner of a video game amusement business.

Appellant was indicted for two counts of making a false statement in connection with worker's compensation programs, (a violation of 18 U.S.C. § 1001[2]) and one count of mail fraud. On November 3, 1983, a jury found the appellant guilty on all counts. The convictions and sentences were upheld on appeal. Thereafter, the appellant filed a Rule 35 Motion seeking an order correcting or reducing his sentence. The district court denied his motion, and this court affirmed. The appellant then filed this § 2255 motion in district court alleging that (1) he did not have the opportunity to discuss his presentence report with counsel, (2) he was denied effective assistance of counsel in his prior trial and appeal, and (3) the indictment was faulty.

---

1. The statement read as follows:

NOTICE: A false or evasive answer to any question may be grounds for suspending your compensation benefits; or, if fraudulent, may be punishable by a fine of not more than $10,000, or imprisonment of not more than five years, or both (under appropriate U.S.Criminal Codes). All statements are subject to investigation for verification.

2. 18 U.S.C. § 1001 provides:

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years or both.

After a hearing, the district court granted in part Austin's § 2255 motion, finding that he did not have an opportunity to discuss his presentence report with counsel, and vacated the prior sentence. On June 9, 1986, he was resentenced to two years, with credit given for time already served. On that same day, he appealed both the partial denial of his § 2255 motion, and the resentencing. The two cases were consolidated for purposes of appeal. On August 15, 1986, the appellant was released on parole.

## II. ANALYSIS

The appellant contends that he was denied effective assistance of counsel because his attorney failed to question the validity of the indictment and did not challenge the introduction of certain evidence on the theory that the indictment was improper.

### A. The Standard of Review.

■■■ Whether a defendant was denied effective assistance of counsel is a question of law reviewed de novo. *Weygandt v. Ducharme*, 774 F.2d 1491, 1492–93 (9th Cir.1985). There is a strong presumption that counsel's conduct fell "within the wide range of reasonable professional assistance." *United States v. Hamilton*, 792 F.2d 837, 839 (9th Cir.1986) (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)).

### B. The Standard for Ineffective Assistance of Counsel.

■ To prevail on an ineffective assistance of counsel claim, the appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice therefrom. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The prejudice must be such that there is a reasonable probability that the result of the proceeding would have been different. *United States v. Schaflander*, 743 F.2d 714, 717–18 (9th Cir.1984).

### C. Application of the *Dorey* Case.

The appellant argues that the indictment should have been challenged pursuant to *United States v. Dorey*, 711 F.2d 125 (9th Cir.1983), and that because his attorney did not challenge the indictment based on *Dorey*, he was denied effective assistance of counsel. We disagree: (1) *Dorey* is a narrow decision, limited to its own facts, (2) the indictment in this case did not contain the *Dorey* infirmities, (3) to state a violation of § 1001, the government is not required to prove that the defendant had a duty under some other statute to disclose, and (4) appellant's counsel acted reasonably in not challenging the indictment pursuant to *Dorey*.

*Dorey* is a narrow decision. In *Dorey* we reversed the trial court because the indictment charged that the defendant had violated 18 U.S.C. § 1001 by making a false statement in a report *"required by section 8106 of Title 5, United States Code."* 711 F.2d 125, 126 (9th Cir.1983)(emphasis added). At trial, the defendant moved for a judgment of acquittal because the government failed to prove that he was required to file a report under § 8106. The motion was denied. On appeal we reversed, holding that "the government failed to prove that Dorey was required to file a report under 5 U.S.C. § 8106, as charged in the indictment." *Id.*

■ In this case, by contrast, the indictment did not charge the appellant with making a false statement on a report "required" by either § 8105 or § 8106. Rather, he was charged with making a false statement on a form "required by the United States Department of Labor, Office of Worker's Compensation Programs." The government produced ample evidence to demonstrate that if Austin wanted to continue receiving disability payments, he had to complete form CA–1032.

■ Moreover, as we have recently stated in *United States v. Olson*, 751 F.2d 1126 (9th Cir.1985), and *United States v. DeRosa*, 783 F.2d 1401 (9th Cir.1986), to allege a violation of § 1001, the government is not required to prove that the defendant had a duty under some other statute to disclose.

"[R]equiring an independent duty would be inconsistent with the purpose of § 1001 because it is a catchall that reaches fraud not prohibited by other statutes." *DeRosa*, 783 F.2d at 1407; *see also Olson*, 751 F.2d at 1128. Section 1001, by itself, prohibits a person from making fraudulent statements or misrepresentations on any matter within the jurisdiction of a department or agency of the United States. Here, disability payments were within the jurisdiction of the Department of Labor, Office of Worker's Compensation Programs. Finally, applying an objective standard of reasonableness, we would not expect appellant's counsel to advance legal theories of dubious value or rely on a case with a narrow holding that is factually dissimilar.

**D. Introduction of the Worker's Compensation Manual.**

The appellant also argues that the trial court abused its discretion in allowing certain testimony and the introduction of the Department's operating manual. He also contends that he was denied effective assistance of counsel because his attorney did not object to the introduction of the manual based on *Dorey*.

The operating manual explains to employees how to process claims and how to keep track of a claimant's disability, employment status, and earnings reports. Appellant argues that this evidence is in conflict with 5 U.S.C. § 8105 and thus could not be properly admitted.

This testimony and manual are not in conflict with § 8105. Section 8105 declares that "[i]f the disability is total, the United States shall pay the employee *during the disability* monthly monetary compensation...." 5 U.S.C. § 8105(a) (emphasis added). Thus, it is implicit in the statutory scheme for the Department to make inquiries to determine whether the disability or dependency has ended. It was not an abuse of discretion for the district judge to allow introduction of the manual as evidence, and appellant's argument that trial counsel was ineffective because the evidence was admitted is without merit. Moreover, counsel did object to the intro-

duction of this evidence-although not for the reason that the appellant alleges it should be excluded. Nevertheless, as discussed above, an objection based on appellant's theory would have been of dubious worth anyway.

## III. CONCLUSION

The appellant has not demonstrated that either prong of the *Strickland* test has been met. Appellant's trial counsel did not fall below the standard of reasonableness in not arguing that the indictment was defective, or that evidence should not be admitted. Nor can the appellant demonstrate that he was prejudiced by counsel's errors or that but for counsel's errors, a reasonable probability existed that the result of the proceeding would have been different.

AFFIRMED.