**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Linda Kay RICHARDSON, Defendant–Appellant.**

No. 92–50482.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1993.

Decided Oct. 28, 1993.

**16**

Dwight B. Moore, Newport Beach, CA, for defendant-appellant.

Christine E. Cleveland, Office of the U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: FARRIS, NORRIS, and REINHARDT, Circuit Judges.

PER CURIAM:

After a trial by jury, appellant Linda Kay Richardson was convicted under 18 U.S.C. § 1001 for making false statements to the Department of Labor in order to obtain disability benefits under the Federal Employees Compensation Act ("FECA"). Richardson challenges her conviction on the ground that section 1001, the general federal false-statement statute, is limited by 18 U.S.C. § 1920, a specific false-statement statute applicable exclusively to federal employees' compensation affidavits, reports, or claims. Because we conclude that the scope of section 1001 is limited by section 1920, we reverse Richardson's conviction.

## I. FACTS

In October of 1979, Richardson suffered a strained right groin muscle while employed as a Special Agent with the Bureau of Alcohol, Tobacco, and Firearms. She applied for disability compensation benefits, which are available to certain federal employees who are injured while performing their duties. *See* 5 U.S.C. §§ 8101 *et seq.* Richardson was declared to be temporarily totally disabled by the Department of Labor through its Office of Workers' Compensation Programs ("OWCP"), and she began to receive benefits on April 13, 1980.

While receiving her disability benefits, Richardson made material false statements to the OWCP on forms that required her to state whether she had been employed during the preceding fifteen months. She was charged with three counts of making false statements to a government agency in violation of 18 U.S.C. § 1001, which carries a maximum penalty of $10,000 and five years imprisonment.[1]

Before trial, Richardson filed a Motion to Dismiss Information, arguing that section 1001 was limited by 18 U.S.C. § 1920, which carries a lesser penalty, a maximum fine of $2,000 and one year imprisonment.[2] The district court denied Richardson's motion.

Richardson was convicted on Counts Two and Three. She was ordered to pay $23,-892.76 in restitution, and she was sentenced to five months imprisonment and to five additional years of supervised release and probation. Upon appeal, Richardson argues that her Motion to Dismiss Information should have been granted. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

---

1. Section 1001 provides in pertinent part:

    Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

2. Section 1920 provides in pertinent part:

    Whoever makes, in an affidavit or report required by section 8106 of title 5 [partial disability compensation] or in a claim for compensation under subchapter I of chapter 81 of title 5 [compensation for work injuries generally], a statement, knowing it to be false, is guilty of perjury and shall be fined not more than $2,000 or imprisoned not more than one year, or both.

## II. DISCUSSION

This case presents the question whether section 1001, the general federal false-statement statute, is limited by section 1920, a specific false-statement statute applicable exclusively to representations relating to federal employees' compensation benefits and claims. We conclude that section 1001 is so limited and that it does not apply to false statements that are subject to prosecution under section 1920.

This case differs from other cases in which we have explored the relationship between § 1001 and more specific statutes. *See, e.g., United States v. Burnett,* 505 F.2d 815, 816 (9th Cir.1974); *United States v. Rose,* 570 F.2d 1358, 1363 (9th Cir.1978); *United States v. Duncan,* 693 F.2d 971, 975 n. 4 (9th Cir. 1982), *cert. denied,* 461 U.S. 961, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *United States v. Salinas–Ceron,* 731 F.2d 1375, 1378 (9th Cir.1984); *United States v. Olson,* 751 F.2d 1126, 1128 (9th Cir.1985); *United States v. Mayer,* 775 F.2d 1387, 1390 (9th Cir.1985). Here, we have a clear, unambiguous expression of congressional intent.

Congress clearly intended that section 1001 be limited by section 1920. Section 1920 was passed as part of FECA, a comprehensive statutory scheme establishing government employees' compensation benefits. Section 41 of FECA expressly repealed all acts—or parts of acts—that were inconsistent with FECA:

> Sec. 41. *That all Acts or parts of Acts inconsistent with this Act are hereby repealed:* Provided, however, [that this Act be applied only prospectively and that all injuries caused by the Panama Railroad Company shall be compensated only if the injured party waives suit or assigns all future proceeds to the United States].

*See* Act of Sept. 7, 1916, ch. 458, § 41, 39 Stat. 742, 750 (1916) (emphasis added). In 1916, the year in which FECA was enacted, section 1001 had been in existence for at least 40 years. *See United States v. Bedore,* 455 F.2d 1109, 1110–11 (9th Cir.1971) (stating

that section 1001 has been in existence since at least 1871). Section 1001 was "inconsistent" with section 1920 to the extent that the former made false statements relating to the federal employees' compensation context felonies,[3] while the latter made all such false statements misdemeanors. Section 1920 expressly provides that acts of the type here involved shall be punished by *"no more"* than $2,000 and a one-year prison term. Accordingly, section 1001 is partially inconsistent with section 1920 and is preempted to the extent that it applies to false statements regarding federal employees' compensation affidavits, reports, or claims.

## III. CONCLUSION

The district court should have granted Richardson's Motion to Dismiss Information on Counts Two and Three. Because it did not do so, we are required to reverse Richardson's conviction for violating 18 U.S.C. § 1001.

**REVERSED.**

---

**3.** Section 1001 authorizes a maximum punishment of $10,000 and a five-year prison term for such acts.