Gerald L. **BRUMLEY,** Appellant,

v.

**UNITED STATES DEPARTMENT OF LABOR,** Appellee.

No. 93–3051.

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1994.

Decided June 16, 1994.

Rehearing Denied Aug. 2, 1994.

---

Gerald L. Brumley, pro se.

Rebecca L. De Ruyter, Washington, DC, argued (Thomas S. Williamson, Jr., Carol A. De Deo, Jeffrey L. Nesvet and Rebecca L. De Ruyter, on the brief), for appellee.

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Gerald Brumley appeals from the district court's[1] order dismissing his suit under the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 et seq. We affirm.

Brumley filed a pro se complaint alleging that the Department of Labor (DOL), through the Office of Workers Compensation Programs (OWCP), failed to disburse FECA benefits for his disability. According to the complaint, OWCP accepted Brumley's claim of total disability and required him to choose either FECA benefits or Federal Employees Retirement Act (FERA) benefits. Brumley originally elected FERA annuity payments for the period of January 1985 through December 1987. Brumley then elected to receive, retroactively, FECA benefits for the same period, less reimbursement to the Office of Personnel Management (OPM) for the distributed FERA payments. Brumley alleged that OWCP did not acknowledge the retroactive election despite his successive demands. The DOL answered that Brumley did not comply with regulatory requirements in seeking to retroactively change FERA benefits to FECA because he did not complete form CA–8, required by 20 C.F.R. § 10.122, on which a claimant must report his earnings.

The district court dismissed Brumley's claim for lack of subject matter jurisdiction 827 F.Supp. 1409. The court held that 5 U.S.C. § 8128(b) precluded review of final and conclusive actions of the Secretary unless DOL violated the Constitution or a clear statutory mandate. The district court found that DOL did not violate a clear statutory mandate by requiring an earnings report and, therefore, the court lacked jurisdiction to review the agency's regulatory requirement.

■■■ Section 8128(b) states: "The action of the Secretary or his designee in allowing or denying a payment ... is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b). The plain meaning of section 8128 shows Congressional intent "to bar judicial review altogether." *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 779–80 & n. 13, 105 S.Ct. 1620, 1627 & n. 13, 84 L.Ed.2d 674 (dictum referring to section 8128(b) as a model preclusion-of-review statute); *see also, Waters v. United States,* 458 F.2d 20, 22 (8th Cir.1972). However, it has been held that the preclusion-of-review statute cannot serve to immunize DOL from judicial review when its actions violate the Constitution or a clear statutory mandate. *See Woodruff v. United States Dep't of Labor,* 954 F.2d 634, 639 (11th Cir. 1992); *Owens v. Brock,* 860 F.2d 1363, 1367 (6th Cir.1988); *see also Merged Area X (Educ.) v. Cleland,* 604 F.2d 1075, 1078 (8th Cir.1979) (regarding Veterans Administration preclusion-of-review statute).

■■■ Brumley argues that 5 U.S.C. § 8105 does not empower DOL to require earnings reports or make wage earning ca-

---

1. The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

pacity determinations and, therefore, that DOL violated a clear statutory mandate by requiring him to disclose his earnings. Section 8105 does not expressly mention earning capacity or earning reports. Section 8105(a) defines FECA benefits: "If the disability is total, the United States shall pay the employee *during the disability* monthly monetary compensation, equal to 66⅔ percent of his monthly pay...." 5 U.S.C. § 8105(a) (emphasis added). "Disability," in turn, is defined as "the incapacity, because of employment injury, to earn the wages the employee was receiving at the time of injury." 20 C.F.R. § 10.5(17). Therefore, the DOL needs the earnings information required on form CA–8 to assess an essential element of the claimant's continued disability: wage earning capacity. Thus, given its broad policy-making authority to administer and enforce FECA, the DOL's regulatory interpretation of section 8105(a) does not violate a clear statutory mandate. *See Woodruff,* 954 F.2d at 640. As a result, we agree with the district court that it lacked subject matter jurisdiction. Last, we deny Brumley's motion for oral argument.

Accordingly, we affirm the judgment of the district court.