IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10516
Summary Calendar
_____


GERALD L. BRUMLEY,

                                        Plaintiff-Appellant,


versus

UNITED STATES DEPARTMENT OF LABOR;
MARIE C. KALB, Claims Manager for the
UNITED STATES DEPARTMENT OF LABOR,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-1288-D
- - - - - - - - - - -

May 22, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Gerald L. Brumley contends that the district court erred in concluding that his lawsuit was barred by the doctrine of res judicata. Four conditions must be satisfied to apply the doctrine. "First, the parties in a later action must be identical to (or at least be in privity with) the parties in a prior action. Second, the judgment in the prior action must have

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

been rendered by a court of competent jurisdiction.  Third, the prior action must have concluded with a final judgment on the merits.  Fourth, the same claim or cause of action must be involved in both suits."  United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994)(internal citations omitted).  The Eight Circuit was a court of competent jurisdiction and it rendered a final judgment in the prior case.  See Brumley v. United States Dep't of Labor, 28 F.3d 746, 746-48 (8th Cir. 1994), cert. denied, 115 S. Ct. 734 (1995).

Both suits arise from the Departmentr of Labor's decision not to give effect to Brumley's election of benefits because he did not complete form CA-8.  See Slaughter v. AT&T Information Systems, Inc., 905 F.2d 92, 93-94 (5th Cir 1990); Agrilectric Power Partners, Ltd. v. General Electric Co., 20 F.3d 663, 664 (5th Cir. 1994).

On appeal, Brumley does not challenge the district court conclusion that Kalb was in privity with the Department of Labor as their employee.  As this issue was not discussed in the brief, it is deemed abandoned.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  This court "will not raise and discuss legal issues that [an appellant] has failed to assert."  Id.

The Department of Labor's motion to supplement the record is denied as unnecessary.

AFFIRMED; MOTION DENIED.