**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Susan Carol FITZGERALD, Defendant–Appellant.**

No. 97–30299.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1998.

Decided June 29, 1998.

Daniel Donovan, Assistant Federal Defender, Great Falls, MT, for defendant-appellant.

Lorie Harper (argument), and Carl E. Rostad (brief), Assistant United States Attorneys, Great Falls, MT, for plaintiff-appellee.

Before: LAY,* PREGERSON, and GRABER, Circuit Judges.

PREGERSON, Circuit Judge:

Defendant Susan Carol Fitzgerald appeals the district court's denial of her motion to dismiss an indictment charging her with federal benefits disability fraud in violation of 18 U.S.C. § 1920. Fitzgerald argues that she was not expressly required by statute to report her earnings from other sources. Because we hold that § 1920 requires that disability claimants file truthful reports of earnings, we affirm.

## FACTS AND PRIOR PROCEEDINGS

In 1992, while employed by the National Parks Service, Susan Fitzgerald was injured on the job. She filed a claim for her injury and subsequently received financial benefits under the Federal Employees Compensation Act ("FECA"). While receiving these temporary total disability benefits, Fitzgerald worked as a cook, waitress, and hostess at a business owned by her husband.

For the next four years, Fitzgerald received and returned various forms from the Department of Labor Office of Workers Compensation Program. Those forms expressly required Fitzgerald to report any employment or self-employment. Fitzgerald consistently and falsely certified that she was not working.

In 1997, the government filed a three-count indictment against Fitzgerald. Count I charged her with making false statements to a government agency in violation of 18 U.S.C. § 1001. Count II charged her with making false claims to the United States in violation of 18 U.S.C. § 287. Count III charged her with federal benefits disability fraud in violation of 18 U.S.C. § 1920. Fitzgerald moved to dismiss the indictment. The District Court dismissed the first two counts but denied the motion to dismiss Count III.

A jury convicted Fitzgerald on Count III. She now appeals the district court's denial of her motion to dismiss Count III.

## STANDARD OF REVIEW

We review de novo a district court's refusal to dismiss an indictment when the refusal is based on an interpretation of a federal statute. *United States v. Gomez–Rodriguez,* 96 F.3d 1262, 1264 (9th Cir.1996) (en banc).

## ANALYSIS

In Count III of the indictment, Fitzgerald was charged with "knowingly and willfully falsify[ing], conceal[ing], or cover[ing] up a material fact in connection with the application for or the receipt of compensation or other benefit payment under [the FECA]." Specifically, the Government charged that Fitzgerald "willfully failed or refused to disclose ownership of, income from or involvement in a business ... in violation of 18 U.S.C. § 1920."

---

* The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Fitzgerald argues that, to establish a violation under § 1920, the government must show that a defendant had a *duty* truthfully to disclose the material facts that he or she allegedly falsified. Fitzgerald claims that no statute expressly requires her to disclose her earnings from employment.

Section 8106 provides for disability payments to federal employees who are *partially* disabled, and it authorizes the Secretary of Labor to require disclosure of earnings. Section 8106 does not apply to employees like Fitzgerald who are *totally* disabled. *See United States v. Dorey*, 711 F.2d 125, 128 (9th Cir.1983) (holding that "the government could not establish as a matter of law that Dorey, as a temporarily totally disabled person, was required ... to file an affidavit or report under section 8106") (emphasis added).

Section 8105, which pertains to benefits for federal employees who are *totally* disabled, omits parallel wording that would authorize the Secretary of Labor to require disclosure of earnings. Fitzgerald argues that the difference in wording between § 8106 and § 8105 reflects a difference in Congressional intent: that Congress intended to authorize a disclosure requirement only with respect to partial disability benefits, but not with respect to total disability benefits.

Fitzgerald overlooks two crucial points. First, we have observed that "it is implicit in the statutory scheme [of 5 U.S.C. § 8105] for the Department [of Labor] to make inquiries to determine whether the disability ... has ended." *United States v. Austin*, 817 F.2d 1352, 1355 (9th Cir.1987).

Second, § 8105 is not the only statute on this topic. The absence of an express disclosure requirement in § 8105 does not help Fitzgerald if 18 U.S.C. § 1920 requires her truthfully to disclose earnings to the government.

In *United States v. De Rosa*, we held that 18 U.S.C. § "1001, by itself, requires a defendant receiving disability payments truthfully to disclose information concerning his [or her] employment status and earnings to the government." *United States v. De Rosa*, 783 F.2d 1401, 1407 (9th Cir.1986). *De Rosa* involved a prosecution for federal disabilities fraud under § 1001–not under § 1920, which is the section under which Fitzgerald was convicted. But in 1993, we held that § 1920 provided the exclusive avenue of prosecution for federal disability fraud cases. *United States v. Richardson*, 8 F.3d 15, 17 (9th Cir.1993) (per curiam).

Moreover, in 1994, Congress amended § 1920. 18 U.S.C.A. § 1920. Section 1920 now closely resembles § 1001. *Compare* 18 U.S.C. § 1920, *with* 18 U.S.C. § 1001.[1] Sections 1920 and 1001 both prohibit falsifying, concealing, or covering up a material fact and making a false written statement. That being so, the reasoning in pre-*Richardson* cases under § 1001 logically applies to post-*Richardson* cases under the present version of § 1920.

Section 1920, by its terms, prohibits the filing of false reports "in connection with the application for or receipt of compensation or other benefit or payment under subchapter I or III of chapter 81 of title 5." Fitzgerald filed false reports in connection with her application for and receipt of benefits under subchapter I of chapter 81 of title 5, specifically, 5 U.S.C. § 8105. The plain words of 18

---

1. 18 U.S.C. § 1920 provides in relevant part as follows:

> Whoever knowingly and willfully falsifies, conceals, or covers up a material fact, or makes a false, fictitious, or fraudulent statement or representation, or makes or uses a false statement or report knowing the same to contain any false, fictitious, or fraudulent statement or entry in connection with the application for or receipt of compensation or other benefit or payment under subchapter I or III of chapter 81 or title 5, shall be guilty of perjury
>
> ....

18 U.S.C. § 1001 provides in pertinent part as follows:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully-
> (1) falsely conceals or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title or imprisoned not more than 5 years, or both.

U.S.C. § 1920, as it now reads, demonstrate that Congress intended to make no distinction between partial and total disability benefits, so long as the benefit in question falls "under subchapter I or III of chapter 81 of title 5." *See also* 20 C.F.R. § 10.125 (requiring a claimant to submit an affidavit or other report of earnings whether classified as totally or partially disabled).

For the foregoing reasons, we hold that § 1920, like § 1001, "requires a defendant seeking disability payments truthfully to disclose information concerning his employment status and earnings to the government." *De Rosa*, 783 F.2d at 1407.

## CONCLUSION

Title 18 U.S.C. § 1920 creates a duty truthfully to disclose employment information to the government in connection with an application for or receipt of total disability benefits. Accordingly, we affirm the district court's denial of Fitzgerald's motion to dismiss the indictment charging her with disabilities fraud.

AFFIRMED.