**UNITED STATES of America,**
**Appellee,**

v.

**Joassim DESSOURCES, Defendant–**
**Appellant.**

**No. 04–0805–CR.**

United States Court of Appeals,
Second Circuit.

Dec. 6, 2004.

Jason Sabot, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Harry Sandick), for Appellee, of counsel.

Michele Hauser, New York, NY., for Defendant–Appellant.

PRESENT: OAKES, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Following a six-day trial in the Southern District of New York (Hellerstein, *J.*), a jury found defendant-appellant Joassim Dessources ("Dessources") guilty of making false statements in connection with the receipt of disability benefits under the Federal Employees Compensation Act, in violation of 18 U.S.C. § 1920, and of engaging in mail fraud, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1341.

On appeal, Dessources raises four sets of challenges. First, Dessources argues that there was no fraud committed because only individuals who receive partial, rather than total, disability benefits are legally required to disclose to the United States Department of Labor any involvement in work or other income-generating activities. Second, Dessources claims that even assuming he was required to advise the Department of Labor of his work status, there was insufficient evidence presented at trial to convict him of fraud. Third, Dessources contends that assuming there was sufficient evidence to convict him of fraud, there was still insufficient evidence to find that he engaged in criminally fraudulent behavior from the very beginning of

his time as a disability beneficiary; accordingly, he alleges that, by calculating the dollar value of his fraudulent scheme to include those early beneficiary payments, the court sentenced him more harshly than he deserved. Fourth, Dessources brings an ineffective assistance of counsel challenge arguing that his conviction and/or sentence might have come out differently had trial counsel objected at critical stages of the proceedings.

■ We have little doubt that the federal disability fraud statute, 18 U.S.C. § 1920, requires both partially disabled and totally disabled beneficiaries to advise the Department of Labor of any work activities and/or other forms of financial remuneration while receiving government support. *See, e.g., United States v. Fitzgerald*, 147 F.3d 1101, 1103–04 (9th Cir. 1998); *United States v. Dawkins*, 202 F.3d 711, 713–14 (4th Cir.2000); *Brumley v. United States Dep't of Labor*, 28 F.3d 746 (8th Cir.1994). But, because Dessources raises this challenge for the first time on appeal, we need not decide this question of first impression. It suffices to say that since every other circuit that has addressed this question has come out in favor of the disability fraud statute's applicability to cases involving totally disabled beneficiaries and, since there is no contrary law in this circuit, the district court did not plainly err in its holding. *See United States v. Brown*, 352 F.3d 654, 665 n. 10 (2d Cir.2003); *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir.2001).

■ We also do not find merit in Dessources's sufficiency of the evidence claim. There may be some cases in which medical testimony would be necessary to support a disability fraud conviction, but not in a case like this where the lay evidence presented was overwhelming. *See, e.g., United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir.2004); *United States v. Guadagna*,

183 F.3d 122, 129–30 (2d Cir.1999); *see also Worsham v. A.H. Robins Co.*, 734 F.2d 676, 685 (11th Cir.1984) (noting that "expert testimony is not necessary if the primary facts are accurately presented to the jury and the jurors are as capable of understanding and drawing correct conclusions from the facts as an expert witness").

■ With regard to the court's calculation of the extent of Dessources's fraud and its corresponding determination of an appropriate sentence, we find that the court did not err. We have held that the guidelines do not require sentencing courts to calculate the amount of loss with certainty or precision. *See United States v. Carboni*, 204 F.3d 39, 46 (2d Cir.2000). Moreover, given the fact that the Government produced evidence indicating that Dessources began working immediately after petitioning for (and receiving) federal disability benefits and that such evidence of work activities was not persuasively contested, it follows that Dessources misrepresented his status to the Government throughout his entire tenure as a beneficiary.

Finally, because there was no error in failing to contest the court's loss-amount calculation, Dessources's ineffective assistance claim is likewise unavailing. *See United States v. Chin*, 224 F.3d 121, 125 (2d Cir.2000) (per curiam); *see also United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir.1990).

We have considered all of Dessources's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004).

Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address Dessource's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.