### UNITED STATES of America, Plaintiff—Appellee,

v.

### Tina COTE, Defendant—Appellant.

### No. 05–30519.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 25, 2006.

Decided Aug. 30, 2006.

Kris A. McLean, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Andrew J. Nelson, Esq., Smith & Thiel Law Offices, Missoula, MT, for Defendant–Appellant.

Before: REINHARDT and GRABER, Circuit Judges, and LEW,* District Judge.

---

* The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation.

## MEMORANDUM **

Defendant Tina Cote pleaded guilty to one count of embezzlement from an Indian tribal organization in violation of 18 U.S.C. § 1163. The district court sentenced her to 10 months in prison.

1. Defendant first argues that the district court should have dismissed the indictment because the tribe was not a victim of her embezzlement scheme. We review that claim de novo. *United States v. Fitzgerald,* 147 F.3d 1101, 1102 (9th Cir.1998).

Defendant's jurisdictional argument is factual in nature; it calls into question, for example, whether the tribe continued to have an interest in the money and whether it had a risk of loss. But Defendant foreclosed factual challenges to the district court's jurisdiction through her plea agreement, including her admission that the monies embezzled were those of the tribe. *See United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (holding that a guilty plea confesses "all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence").

2. Defendant also challenges her sentence. She argues that the district court erred in basing her sentence on the *intended* loss to the tribe, rather than on the tribe's *actual* loss. That argument is foreclosed by *United States v. McCormac,* 309 F.3d 623, 627–28 (9th Cir.2002): "[W]hen the defendant fraudulently obtains a loan and does not intend to repay any part of the loan, the offense level is based on the gross amount of the loan, irrespective of whether the victim was able to recoup part of the loss...."

### AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

REINHARDT, Circuit Judge, concurring and dissenting.

Tina Cote did not embezzle, steal, or knowingly convert to her own use the funds of the Confederated Salish and Kootenai Tribes of the Flathead Nation. Rather, she enticed tribal members to apply for enforceable and secured loans from the tribal credit office, and then took money *directly from those individuals.* For that reason, I do not believe that Cote committed a violation of 18 U.S.C. § 1163. *See United States v. Perez,* 956 F.2d 1098, 1101–02 (11th Cir.1992) (holding that theft from individual tribal members—as opposed to from a tribe or tribal organization—does not fall within the ambit of § 1163). Nevertheless, Cote admitted to a factual basis for her conviction by pleading guilty, did not seek to withdraw her plea in the district court, and does not seek to do so on appeal. Accordingly, her conviction must be affirmed. Still, where there is no actual violation of the statute, whatever the practical realities there can be no associated loss, actual or intended. I would thus hold that the district judge clearly erred in imposing the six-level enhancement based upon a purported loss to the tribe, and would vacate Cote's sentence and remand. In sum, I reluctantly agree with the majority as to the conviction but respectfully dissent with regard to the sentence.