IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30860-0-III |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CRONIN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

BROWN, J. – Today, we discretionarily review the superior court's decision reversing a judgment and sentence the district court entered against Michael Francis Cronin immediately after revoking his deferred prosecution for driving under the influence and hit and run. The superior court decided the district court neglected to make the necessary factual record before convicting Mr. Cronin and double jeopardy principles bar further prosecution. The State contends jeopardy never attached because the district court never heard evidence and, thus, never held a trial on his guilt. We disagree and affirm the superior court.

FACTS

In April 2008, the district court granted Mr. Cronin deferred prosecution of misdemeanor charges alleging he drove a vehicle while under the influence of alcohol

and then hit and ran from an unoccupied vehicle. He later violated his deferred

prosecution conditions by consuming alcohol and refusing a breath analysis while in

physical control of a vehicle. At a hearing, the court found him noncompliant and

explored sanction options, eventually ruling,

> Well, if this had been a first-time alcohol related offense, I don't think it
> would be appropriate to terminate the deferred prosecution.
> But I'm – having made a finding of a violation, then the question turns
> to what the proper disposition should be, and for purposes of the
> disposition phase of the case, I am taking into consideration multiple
> occurrences of alcohol use and pending charges alcohol-based.
> So, I am gonna terminate the deferred prosecution at this time.
> Sentencing recommendations?

Clerk's Papers at 43. The court proceeded directly from revocation to sentencing

without finding him guilty upon the stipulated facts in the police report, as contemplated

by RCW 10.05.020 and *Abad v. Cozza*, 128 Wn.2d 575, 582, 911 P.2d 376 (1996). The

court then entered a guilty judgment against him.

On appeal, the superior court reversed Mr. Cronin's convictions for insufficient

evidence because the district court did not identify any facts supporting them. The

superior court then concluded double jeopardy principles barred remand for the district

court to hold the required post-revocation trial. Our commissioner granted the State's

motion for discretionary review under RAP 2.3(d)(3). The parties agree the record the

district court made lacks sufficient evidence to support Mr. Cronin's convictions. But the

parties dispute whether the court placed him in jeopardy by convicting him.

2

ANALYSIS

The issue is whether double jeopardy principles bar remand for the district court to hold the required post-revocation trial. The State contends jeopardy did not attach because the court sentenced Mr. Cronin immediately after revoking his deferred prosecution and without holding a stipulated facts trial on his guilt. We review a district court decision directly under RALJ 9.1, performing the same function as the superior court. *State v. Ford*, 110 Wn.2d 827, 829, 755 P.2d 806 (1988). Thus, we review a district court decision for legal error. *See* RALJ 9.1(a). We review alleged double jeopardy violations de novo. *State v. Jackman*, 156 Wn.2d 736, 746, 132 P.3d 136 (2006).

The federal double jeopardy clause provides, "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V.[1] Jeopardy occurs when a criminal defendant is "put to trial before the trier of the facts." *United States v. Jorn*, 400 U.S. 470, 479, 91 S. Ct. 547, 27 L. Ed. 2d 543 (1971). Thus, the federal double jeopardy clause bars a second trial for the same offense if jeopardy already attached and terminated in an earlier prosecution. *Sattazahn v. Pennsylvania*, 537 U.S. 101, 106, 123 S. Ct. 732, 154 L. Ed. 2d 588 (2003); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L.

---

[1] The state double jeopardy clause provides, "No person shall . . . be twice put in jeopardy for the same offense." CONST. art. I, § 9. We interpret the state provision the same as the federal provision because they "are identical in thought, substance, and purpose." *State v. Schoel*, 54 Wn.2d 388, 391, 341 P.2d 481 (1959).

3

Ed. 2d 865 (1989). Jeopardy attaches in a bench trial when the judge begins hearing evidence, thereby exposing a defendant to the risk of a guilty finding based on resolution of a factual issue. *See Serfass v. United States*, 420 U.S. 377, 388, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975); *United States v. Olson*, 751 F.2d 1126, 1129 (9th Cir. 1985). Jeopardy terminates when, for example, a reviewing court determines insufficient evidence supports a defendant's conviction. *Richardson v. United States*, 468 U.S. 317, 325, 104 S. Ct. 3081, 82 L. Ed. 2d 242 (1984); *Burks v. United States*, 437 U.S. 1, 11, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978).

Here, the State argues jeopardy never attached because the district court never heard evidence. But the court ultimately entered a judgment of guilty against Mr. Cronin, which undoubtedly placed him in jeopardy. *See United States v. Patrick*, 532 F.2d 142, 145-46 (9th Cir. 1976). The court necessarily premised this guilty judgment on some unarticulated guilty finding. While Mr. Cronin had stipulated the facts in the police report were sufficient to sustain a guilty finding, the parties agree that evidence did not find its way into our record. We agree with the superior court that jeopardy attached when the district court entered a guilty judgment against Mr. Cronin and terminated when the superior court reversed his convictions for insufficient evidence. The district court may not try him a second time for the same offenses. Therefore, double jeopardy principles bar remand for the district court to hold the required post-revocation trial.

No. 30860-0-III
*State v. Cronin*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, J.

WE CONCUR:

Siddoway, A.C.J.

Fearing, J.

5