John M. JACKSON, et al.,
Plaintiffs-Appellants,

v.

UNITED STATES POSTAL SERVICE,
Defendant-Appellee.

No. 85–1802.

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1986.

Rehearing and Rehearing En Banc Denied
Oct. 14, 1986.

Cecilia H. Morgan, Peter S. Chantilis, Dallas, Tex., for plaintiffs-appellants.

Maria A. Iizuka, David C. Shelton, Attys., Dept. of Justice, Land & Natural Resources Div., appellate Sec., Washington, D.C., Marvin Collins, U.S. Atty., Paula Mastropieri-Billingsley, Asst. U.S. Atty., Dallas, Tex., for defendant-appellee.

Before REAVLEY and POLITZ, Circuit Judges, and KAZEN,* District Judge.

POLITZ, Circuit Judge:

After successfully bringing an ejectment action against the United States Postal Service (USPS), *Jackson v. United States Postal Service*, 611 F.Supp. 456 (N.D.Tex. 1985) *(Jackson I)*, plaintiffs John Jackson and Steven Chapman brought the instant action to recover the reasonable rental value of the premises for the period of USPS's nonpayment of rent and their attorneys' fees incurred in litigating *Jackson I*. The district court found the claim for rentals barred by res judicata and dismissed the claim for *Jackson I* attorneys' fees as untimely. Plaintiffs appeal. We affirm.

### Background

Plaintiffs' claim for reasonable rental value arises from the breach by USPS of its lease of post office premises in Dallas. USPS began leasing the premises in 1956. The most recent lease, executed in August 1978, covered the period January 1979 to

* District Judge of the Southern District of Texas, sitting by designation.

January 1984 and gave USPS an option to renew for an additional five years. USPS exercised its option. In June 1984 plaintiffs purchased the building and notified USPS. USPS began withholding the rent, ostensibly pending additional proof of ownership.

In December 1984 plaintiffs brought a forcible detainer action in a Texas Justice Court seeking only to retake the premises. Plaintiffs chose this procedure because of its expedited nature. Tex.Prop. Code Ann. §§ 24.005–24.007 (Vernon Supp.1986). Under this procedure, no claim in excess of $1,000 could have been made for back rent. Tex.Govt. Code Ann. § 27.031(a)(1) (Vernon 1986). USPS removed the action to federal court and placed the disputed rentals into the registry of the court. On cross-motions for summary judgment, the district court held for plaintiffs and ordered USPS to vacate the premises. *Jackson I.* USPS complied. Plaintiffs thereafter brought the instant action.

### Analysis

#### Res judicata

The doctrine of res judicata or claim preclusion "prevents the parties ... from relitigating claims that were or *could have been raised* in a prior action." *Sidag Aktiengesellschaft v. Smoked Foods Products Co.,* 776 F.2d 1270, 1273 (5th Cir.1985) (emphasis added), so that "one who has a choice of more than one remedy for a given wrong ... may not assert them serially, in successive actions, but must advance all at once on pain of bar." *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir. 1983) *(en banc)* (footnote omitted). "'For a prior judgment to bar an action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and the same cause of action must be involved in both cases.'" *Id.* at 559 *(quoting Kemp*

*v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir.1979)).

It is not disputed that had plaintiffs' forcible detainer action not been removed to federal court, plaintiffs could have filed a second suit in a state court to recover the unpaid rent. Tex.Prop. Code Ann. § 24.008 (Vernon Supp.1986). The question whether res judicata is applicable thus focuses on the effect of the removal of the action to federal court.

Plaintiffs advance three arguments on appeal: (1) the Texas limits on justice court jurisdiction also applied to the district court in *Jackson I* so as to preclude a claim for back rent, at least in excess of $1,000; (2) the application of res judicata to their instant action is "plainly inconsistent with the fair and equitable implementation of [the Texas] statutory ... scheme ... [since] it is the sense of the scheme that the plaintiff should be permitted to split his claim," *Restatement (Second) of Judgments* § 26(1)(d) (1982); and, alternatively, (3) if the district court lacks jurisdiction over their instant claim for damages, it could not have exercised jurisdiction over a claim for back rent in *Jackson I* since only the United States Claims Court has such jurisdiction. Plaintiffs seek either reversal and remand for trial or, if we conclude that only the Claims Court may hear this action, a transfer to that court.

Plaintiffs' argument that the jurisdiction of the district court in *Jackson I* was derived from and coextensive with the limited jurisdiction of the state justice courts lacks merit. The power of a federal court to hear and adjudicate may not generally be limited by a state procedural rule.[1] *See Weems v. McCloud,* 619 F.2d 1081 (5th Cir.1980). The fact that a Texas Justice Court could not have heard a claim for over $1,000 is of no consequence in determining whether, after removal, the district court in *Jackson I* had subject matter jurisdiction to hear the claim for back rent.

---

**1.** The most notable exceptions to this principle are the application of state long-arm statutes to determine the *in personam* jurisdiction of a federal court and the application of state rules on service of process. Fed.R.Civ.P. 4(e).

Plaintiffs' second contention is that their present cause of action is different from the cause of action advanced in *Jackson I*. We have faced this question before. *See, e.g., Southmark Properties v. Charles House Corp.*, 742 F.2d 862 (5th Cir.1984); *United Home Rentals v. Texas Real Estate Comm'n*, 716 F.2d 324 (5th Cir.1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984); *Nilsen*. While we recognized that " 'the principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action,' " *Nilsen*, 701 F.2d at 559 (*quoting Kemp*, 608 F.2d at 1052), we expressed a preference in *Nilsen* for the "same transaction" test of the *Restatement (Second) of Judgments* § 24, over the *Kemp* test.[2] *Nilsen*, 701 F.2d at 560 & n. 4; *accord Southmark Properties; United Home Rentals*.

■ In the instant case, the district court correctly found that the underlying cause of action is the same both here and in *Jackson I*, even though the remedies sought differ. In both actions, the wrong to be corrected was the failure of USPS to pay rent; both claims arose from the same "series of connected transactions." *Restatement (Second) of Judgments* § 24. *See Southmark Properties*.

■ Relying on § 26(1)(d) of the *Restatement (Second) of Judgments*,[3] plaintiffs contend that they should be permitted to split their claim for back rent from their ejectment action because the "sense" of the Texas statutory scheme is to provide expedited review of a landlord's action for possession while allowing a subsequent action for back rent to proceed through the system at a normal pace.[4] We are not persuaded. Plaintiffs' view of the structure of the bifurcated Texas procedures ignores the ability of the federal district court to enter injunctive relief on an expedited basis and thereafter consider their claim for rentals. The linchpin of plaintiffs' argument is the procedural limit on the jurisdiction of the Texas Justice Court. Such limits do not apply to a federal court. Plaintiffs lost the benefits of the expedited Texas forcible detainer procedure once the action was removed to federal court. They suggest no reason why, having lost the benefit of Texas procedure, they could not bring into the federal forum the entirety of their claims. Expedited equitable relief, although perhaps not as speedy as the Texas remedy, was available and was received, and the appending of plaintiffs' claim for back rent would not have diminished the court's ability to expedite their claim for ejectment.[5]

2. Section 24 of the *Restatement (Second) of Judgments* provides:
   (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
   (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

3. Section 26(1)(d) of the *Restatement (Second) of Judgments* provides in pertinent part:
   (1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the

claim subsists as a possible basis for a second action by the plaintiff against the defendant:
      *     *     *     *     *     *
   (d) The judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense of the scheme that the plaintiff should be permitted to split his claim.

4. This is the precise situation posited by illustration 5 to comment e of § 26 of the *Restatement (Second) of Judgments*. The *Second Restatement's* illustration is recognized by Texas law. Tex.Prop. Code Ann. § 24.008 (Vernon Supp. 1986).

5. The same expedited equitable relief would be available from the Claims Court. For as noted in the legislative history, "section 133 [28 U.S.C. § 1491] gives the new Claims Court the power to grant declaratory judgments and give equitable relief in contract actions prior to award." S.Rep. No. 97–275, 97th Cong., 2d Sess.

Plaintiffs' final alternative contention is that only the Claims Court has jurisdiction over their claim for damages flowing from USPS's breach of the lease, and therefore *Jackson I* cannot be res judicata. *Restatement (Second) of Judgments* § 26(1)(c). Plaintiffs ask that if we find the district court lacked jurisdiction, in the interest of justice we transfer the matter to the Claims Court under 28 U.S.C. § 1631. We find, however, that the district court had the requisite jurisdiction over the instant claim for damages and, accordingly, decline to vacate the judgment of the district court and grant the requested transfer.

The question whether the district court had jurisdiction turns on plaintiffs' cause of action. Prior to the enactment of the Contract Disputes Act of 1978; 41 U.S.C. §§ 601–613, the district courts enjoyed concurrent jurisdiction over suits against USPS *in eo nomine* for breach of a USPS contract, regardless of the amount involved. 28 U.S.C. § 1339 & 39 U.S.C. § 409(a); *see White v. Bloomberg*, 501 F.2d 1379 (4th Cir.1974), *aff'g* 360 F.Supp. 58 (D.Md.1973); *Butz Engineering Corp. v. United States*, 499 F.2d 619, 204 Ct.Cl. 561 (1974); *Grasso v. United States Postal Service*, 438 F.Supp. 1231 (D.Conn.1977); *Kennedy v. United States Postal Service*, 367 F.Supp. 828 (D.Colo.1973), *aff'd*, 508 F.2d 954 (10th Cir.1974); *Gilmore v. United States*, 6 Cl.Ct. 323 (1984), *aff'd without opinion*, 765 F.2d 163 (Fed.Cir.1985).

■ With the enactment of the Contract Disputes Act, the Claims Court received exclusive jurisdiction to hear any claim arising from a breach of a USPS procurement contract covered by the Act. Thus, to determine whether the district court could entertain plaintiffs' claim for back rent, we must determine whether the subject lease was covered by the Contract Disputes Act. If the Act applies, only the Claims Court may hear this case, 28 U.S.C. §§ 1346(a)(2) and 1491(a)(2); if it does not apply, the district court had jurisdiction.

■ The Contract Disputes Act applies to any express or implied contract entered into by USPS, 41 U.S.C. § 601(2), for procurement of property other than real property in being. 41 U.S.C. § 602(a)(1). A lease of post office space is covered by the Act. *Forman v. United States*, 767 F.2d 875 (Fed.Cir.1985). The Contract Disputes Act applies to contracts entered into 120 days after November 1, 1978. As to contracts entered into before the effective date of the Act, "the contractor may elect to proceed under [the] Act with respect to any claim ... initiated thereafter." P.L. 95–563, § 16, 92 Stat. 2391.

The lease here was executed in August 1978 for a period commencing in January 1979, before the Act became effective. The renewal option was exercised in 1983, after the Act went into effect. If USPS's exercise of the option clause confected a new lease, the Act applies to it; if it merely continued the 1979 lease in effect, plaintiffs could either proceed under the Act or invoke the district court's concurrent jurisdiction.

"[A] lessee's exercise of [an option to renew a lease] leaves the existing lease intact; and it has been held to operate at once as a renewal lease similar to the existing one, no execution of a new leasehold being necessary." 1A *Corbin on Contracts* § 264, p. 530 (1963) (distinguishing exercise of option to renew lease with exercise of option to purchase, which creates a new contract). This is also the view Congress has expressed in the Internal Revenue Code, 26 U.S.C. § 514(f)(2)(A).

■ We see no reason not to apply this general rule to an option to renew a lease with a government agency. Therefore, after renewal, the original pre-Act lease continued in effect. Accordingly, plaintiffs were free to proceed under the Contract Disputes Act or the prior law. Foregoing the Act's administrative procedures, plaintiffs obviously chose to proceed directly to district court. Plaintiffs had that option. The district court had jurisdiction over their claim for back rent. Plaintiffs' con-

22, *reprinted in* 1982 U.S. Code Cong. & Admin. News. 11, 32.

tention that res judicata should not apply because the district court could not have exercised jurisdiction in *Jackson I* necessarily fails. The district court had the requisite jurisdiction and correctly found the present action barred by res judicata.

### Attorneys' fees

■ Plaintiffs also sought to recover under 28 U.S.C. § 2412(b) [6] for the attorneys' fees expended in litigating *Jackson I.* The district court found their request untimely under Local Rule 12.2 of the Northern District of Texas.[7] Section 2412(b), unlike the Equal Access to Justice Act, 28 U.S.C. § 2412(d) contains no time limit within which requests for attorneys' fees must be made. In such a situation, we deem it appropriate for the court to apply its local rule, since there is neither statute nor regulation to the contrary. We observe that the 30-day limit of Rule 12.2 mirrors the EAJA time limit.

■ Since plaintiffs' request for *Jackson I* attorneys' fees was first made in their instant complaint, filed almost four months after entry of the final judgment in *Jackson I,* it was untimely.

For the foregoing reasons, the judgment of the district court is, in all respects, AFFIRMED.

---

**6.** 28 U.S.C. § 2412(b) provides:

Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

**7.** Local Rule 12.2 of the Northern District of Texas provides:

Unless otherwise directed by the Presiding Judge, all requests for attorney's fees which are taxable as costs in any action shall be filed within 30 days after a judgment has been entered in the action.