Barbara **SLAUGHTER,**
**Plaintiff–Appellant,**

v.

**AT & T INFORMATION SYSTEMS, INC.,**
**and Termination Payment Plan for**
**Surplus, Union–Represented, Non–**
**Management Employees, Defendant–**
**Appellees.**

**No. 89–2657.**

United States Court of Appeals,
Fifth Circuit.

July 10, 1990.

Lynn J. Klement and Gary L. McConnell, McConnell & Klement, Angleton, Tex., for plaintiff-appellant.

Christina Richard and Linda Schoonmaker, Holtzman & Urquhart, Houston, Tex., for defendants-appellees.

Before THORNBERRY, GEE, and BARKSDALE, Circuit Judges.

GEE, Circuit Judge:

### Facts and Prior Proceedings

Barbara Slaughter was discharged by AT & T Information Systems ("ATTIS") after thirty years of service. At the time of her termination, Slaughter contended she was a "surplus union-represented, non-management employee" and, as such, she was entitled to termination pay. ATTIS, maintaining that Slaughter was not a surplus employee and that she was entitled to Supplemental Income Protection Program ("SIPP") payments only, denied her claim for termination pay.

In 1988 Slaughter filed suit in state court to recover the difference between the termination pay and the SIPP payments. She alleged that ATTIS had breached its contract with her, that it had coerced her into accepting SIPP payments, and that the union had breached its duty to represent her fairly. ATTIS and the union removed the action to federal court, where the judge ruled Slaughter's action barred on grounds that limitations had run. We affirmed.

While her appeal was pending, Slaughter filed this suit, alleging that she was denied benefits under an ERISA plan and that ATTIS and the ERISA PLAN had violated the provisions of ERISA by forcing her to accept a lesser payment. ATTIS and ERISA filed a motion for summary judgment on grounds of res judicata. The district court granted ATTIS' motion. Slaughter appeals.

### Discussion

This action is barred by res judicata if, as the district court found: 1) the prior judgment was rendered by a court of competent jurisdiction, 2) the prior judgment was final on the merits, 3) the lawsuits involve the same cause of action, and 4) the parties are identical. *Nilsen v. City of Moss Point, Mississippi,* 701 F.2d 556, 559 (5th Cir.1983). Slaughter argues that res judicata does not apply to bar this action because conditions three and four of the above four-part test are not met.

#### a) *The causes of action*

Slaughter concedes that both this case and *"Slaughter I"* involve facts surrounding her termination from employment with ATTIS and denial of ERISA benefits. She argues, however, that the cases differ with regard to her evidentiary burden. In *Slaughter I,* she had to prove facts necessary to show breach of contract, whereas here the relevant inquiry is whether the ERISA plan administrator acted arbitrarily or capriciously when it denied her claim for benefits.

She argues further that *Slaughter I* was brought in state court and that exclusive jurisdiction over her ERISA claim rests in the federal courts. She says that she failed to amend her claim once *Slaughter I* was removed to federal court because she wished to preserve her right to remand. So contending, she concludes that, because she could not have asserted her ERISA claims in *Slaughter I* and because the two cases involve different issues and standards of proof, res judicata does not bar this lawsuit.

ATTIS maintains that Slaughter here complains of the same underlying transaction and alleged conduct that she

**94**

complained of in *Slaughter I*. It argues further that Slaughter's failure to bring her ERISA claim in *Slaughter I* was merely a tactical decision, under which Slaughter essentially chose to forego her ERISA claim. ATTIS is correct. Slaughter could, and should, have brought her ERISA claim in *Slaughter I*. If she wished to preserve her right to remand, she should have filed a conditional motion to amend her claims, subject to the remand. The lawsuits do involve the same cause of action. Condition three of the *Nilsen* test is clearly met. *See also Jackson v. United States Postal Service,* 799 F.2d 1018 (5th Cir.1986).

b) *The parties*

█ Slaughter argues that the addition of the ERISA PLAN as a party to this lawsuit distinguishes it from *Slaughter I*. (The Plan is a legal entity that can be sued. 29 U.S.C. § 1132(d)(1)) ATTIS maintains that the ERISA PLAN has no existence apart from ATTIS and that it is merely a nominal defendant. It points out that Slaughter states no cause of action against the Plan. Further, the Plan has no funds with which to satisfy a judgment—the Plan involved here is an unfunded benefit plan, self-administered by ATTIS.

Once again, ATTIS is correct. The parties have not changed. Despite Slaughter's having named the Plan as a party defendant, the entity from which she seeks recovery is really ATTIS.

The judgment of the district court is AFFIRMED.

THORNBERRY, Circuit Judge, specially concurring:

While I am in full agreement with the majority opinion, I write separately to state why this case is to be distinguished from one in which a party such as ATTIS appears in one action in an individual capacity and in a subsequent action in a representative capacity. Res judicata does not apply in such a case. *See, e.g., Hurt v. Pullman, Inc.,* 764 F.2d 1443, 1447–50 (11th Cir. 1985); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4454 (1981). Here, however, Slaughter is argu-

ing that merely by adding the Plan as a party, res judicata does not attach. Because the Plan is a nominal defendant lacking a separate and distinct existence apart from ATTIS, I agree that res judicata bars the suit.