**Jane Alice PSARIANOS, etc., Plaintiffs,**

v.

**STANDARD MARINE, LTD., INC., Defendant.**

**Civ. A. No. B–84–298–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

March 27, 1992.

John Caskey, Baton Rouge, La., for plaintiffs Psarianos, et al.

George W. Renaudin, Griggs & Harris, Houston, Tex., for defendant/third party plaintiff Standard Marine, Eagle Transport.

Thomas B. Greene, III, Crain, Caton, James & Womble, Houston, Tex., for defendant American Bureau of Shipping.

Jack L. Albritton, Fulbright & Jaworksi, Houston, Tex., for third party defendant U.K. P & I Club.

## MEMORANDUM ORDER

COBB, District Judge.

The M/V THOMAS K sank in international waters on February 1, 1984, killing the captain and eight crew members and seriously injuring seven additional crew members. Plaintiffs, the surviving crew members and survivors of the deceased crew members, brought personal injury and wrongful death actions against the vessel's owner, Eagle Transport Limited, Inc., its manager and operator, Standard Marine Ltd., the alleged alter ego of Eagle and Standard Marine, Peter Kikis, and the American Bureau of Shipping. The wrongful death and personal injury actions proceeded to trial on March 10, 1986, and the jury returned a verdict for the plaintiffs in excess of $22,000,000.00. Eagle Transport, Standard Marine and Kikis instituted third party proceedings against the United Kingdom Mutual Steamship Assurance Association ("the Club") claiming breach of an insurance contract and seeking indemnification for all sums that they were required to pay to the Psarianos plaintiffs.

At a summary judgment hearing on September 23, 1991, the Psarianos plaintiffs as judgment creditors asserted that the Court should not grant summary judgment in favor of the Club on the coverage issue because there was a fact issue as to whether the insurance contract between the Club and Eagle was indemnity or liability in nature. Further, the plaintiffs claimed that the arbitration clause was not enforceable as to them. The Court declined ruling

on the motion, pending arbitration on the coverage issues. The arbitration was held in London, England on November 8–9, 1991. On January 2, 1992, the arbitration panel concluded that there was no coverage under the Rules of the Club for any loss arising from the sinking of the THOMAS K. Specifically, the panel found that the shipowner violated Rule 5(K)(iii).[1]

Before this Court is the Club's Motion to confirm the Arbitration Award. The Psarianos Plaintiffs and Eagle seek to set aside the Award, claiming that the arbitration was a farce. They contend that the arbitration panel acted capriciously (1) by advancing the trial date from February 24, 1992 to November 7, 1991; (2) by denying a request by George Renaudin, counsel for Eagle Transport, to postpone the hearing until Kikis could arrange substitute counsel; and (3) by allowing Peter Kikis to act in the arbitration proceeding without benefit of counsel.

The parties initially scheduled the arbitration for February 24, 1992; however, in an attempt to shorten the proceedings and reduce costs, the arbitration panel changed the arbitration date to November 7, 1991. The parties to the arbitration were notified of the date change in late August. On or about August 22, 1991, Charles Russell Solicitors withdrew from representing Kikis and Eagle Transport. While Kikis had over two months to obtain counsel to represent his interests in the arbitration proceeding, he elected to proceed *pro se*. At the arbitration proceeding, the Club was represented by counsel, and Kikis appeared on behalf of the owners. The panel advised Kikis that he had 21 days to appeal the final Award. Kikis did not appeal the panel's decision; nor did he appear in the Eastern District of Texas to contest the Award at the confirmation hearing.

■ The standard of review of an arbitration award is one of deference. Thus judicial review of arbitration awards is extremely limited. *See Delta Queen Steam-*

boat Co. v. District 2 Marine Eng'rs Ben. Ass'n, 889 F.2d 599, 602 (5th Cir.1989). The Congressional policy of promoting arbitration requires that courts avoid intruding unnecessarily into questions that have been settled by an arbitration process agreed to by the parties. *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir.1990). Here, the parties contracted to arbitrate disputes and, therefore, must be bound by the arbitrators' decisions if possible. See *Antwine v. Prudential Bach Sec., Inc.*, 899 F.2d 410, 413 (5th Cir.1990). Since the arbitration panel reviewed the Club Rules and heard factual representations by both Kikis and the Club, this Court finds no infirmity in the Award. There is no basis for this court to invade the arbitrators' resolution of the dispute.

Accordingly, this Court confirms the Award, thereby dismissing Eagle's third party claims and any judgment creditor's claims against the Club.

■

---

**1.** Rule 5(K)(iii). The Owner must comply with all the Rules, recommendations and requirements of the Classification Society relating to the entered ship within the time or times specified by the society.

Unless and to the extent that the Directors otherwise decide, an owner shall not be entitled to any recovery form the [Club] in respect of any claim arising during a period when the owner is not fulfilling or has not fulfilled those conditions.