Jane Alice PSARIANOS, et al.

v.

The UNITED KINGDOM MUTUAL STEAMSHIP ASSURANCE ASSOCIATION (BERMUDA), LTD.

No. 1:93–CV–0467.

United States District Court,
E.D. Texas,
Beaumont Division.

April 8, 1994.

Benjamin L. Guelfo, Baton Rouge, LA, Gilbert T. Adams Jr., Beaumont, TX, Benton Musslewhite, Houston, TX, for plaintiffs.

Jack L. Allbritton, Fulbright & Jaworski, Houston, TX, for defendant.

### *AMENDED MEMORANDUM OPINION*

COBB, District Judge.

Continuing their attempt to seek a money judgment against the insurer of the THOMAS K., the plaintiffs (Psarianos) have brought suit directly against the protection and indemnity carrier, United Kingdom Mutual Assurance Steamship Association (Bermuda), Ltd. (the Club). This matter has been before this court previously, 728 F.Supp. 438 (E.D.Tex.1989), and 790 F.Supp. 134 (E.D.Tex.1992).

In the latter decision, this court confirmed the prior decision to require arbitration, confirmed the award, and dismissed the THOMAS K.'s owners' third party claims and "any judgment creditors' claims against the Club." This decision was appealed, and the Court of Appeals for the Fifth Circuit affirmed. *Jane Alice PSARIANOS, et al, Plaintiffs–Appellants, v. STANDARD MARINE, LTD., INC., et al, Defendants, EAGLE TRANSPORT, LTD., Defendant–Third Party Plaintiff–Appellant, v. UNITED KINGDOM MUTUAL STEAMSHIP ASSURANCE ASSOCIATION (BERMUDA), LIMITED, a/k/a United Kingdom P & I Club, Third Party Defendant–Appellee,* 12 F.3d 461 (5th Cir. 1994).

This action was brought after the trial court's 1992 order but before the Fifth Circuit's decision. After this action was filed, it was removed to this court, and before the court are the Club's motion to dismiss, or, in the alternative, for summary judgment, the plaintiffs' motions to remand, for discovery, for continuance, for summary judgment, and to stay.

For the reasons stated, the Club's motion for summary judgment is **GRANTED,** the various motions of the plaintiffs are **DENIED.**

The relief sought by the plaintiffs is barred by *res judicata* because (1) the prior judgment was rendered by a court of competent jurisdiction; (2) that final prior judgment was a judgment on the merits; (3) the prior judgment adjudicated all claims which were or could have been made in the prior action; and (4) the parties against whom *res judicata* is asserted were either identical to, or are in privity with, the parties to the prior action. These facts being true, the present action is barred. *Lubrizol Corp. v. Exxon Corp.,* 871 F.2d 1279 (5th Cir.1989); *Southmark Properties v. Charles House Corp.,* 742 F.2d 862 (5th Cir.1984); *Slaughter v. AT & T Information Systems, Inc.,* 905 F.2d 92 (5th Cir. 1990).

The defendant's motion for summary judgment is **GRANTED,** the various motions of the plaintiffs are **DENIED** and **OVERRULED.** The motion for sanctions filed by the Club are not dismissed, and will be heard by this court when this judgment is final. Costs are taxed against the plaintiffs.