**VICTORY OUTREACH MINISTRIES, Plaintiff,**

v.

**UNITED STATES of America, FEDERAL AVIATION ADMINISTRATION, Defendant.**

### No. 3:99CV1092(GLG).

United States District Court, D. Connecticut.

Sept. 29, 1999.

Glenn T. Terk,Wethersfield, CT, for Plaintiff.

Regina A. Long Gilchrist, U.S. Attorney's Office, Hartford, CT, for Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Defendant moves to dismiss this action for lack of subject matter jurisdiction in this Court. The motion **(Doc. No. 5)** is **GRANTED**.

In January of 1984 the plaintiff (then known as Faith Tabernacle Church) entered into a lease with the Federal Aviation Administration ("FAA") granting it the right to maintain a fifteen-foot wooden antenna pole and a ten-by-fifteen-foot portion of a building for equipment located in a building in East Windsor, Connecticut. (We assume this is near and in conjunction with the operation of Bradley Airport in Windsor Locks, Connecticut.)[1] The lease gives the government the option to renew it from year to year until the end of September 2003. The original rental rate was only $136 per year. The lease provided for renegotiation of the annual rent every five years upon the request of the lessor, and was revised in 1995 to be every three years. In January 1995, the annual rent was increased to $3,840.[2] In the Fall of 1998 the plaintiff proposed terms for a new lease with an annual rental some twenty times the then existing rental rate (i.e., $84,000 a year). The FAA rejected that offer and sought an independent appraisal. It was agreed that any adjustment in the rent would be retroactive to October 1, 1998. When no agreement had been

---

1. According to the lease the property in question had belonged to the United States Army Reserve and had been sold to the Church, which then leased a portion of it back to the government for purposes of the continued operation of navigation aids.

2. That amount is mistakenly stated in plaintiff's Memorandum of Law as $3,480, and in defendant's Memorandum of Law as $3,840,-000.

reached by February 1999, the plaintiff made a written claim for money damages to the Contracting Officer. The claim was denied on April 2, 1999 and an appeal was filed with the Board of Contract Appeals on April 30, 1999. That appeal is still pending.

On May 3, 1999, while the appeal was pending, a Notice to Quit was served upon the defendant directing it to surrender the premises outlined in the lease. The following month the plaintiff served in the Connecticut State Court a Writ and Summons and Complaint demanding immediate possession of the premises. Defendant timely removed the action to this Court pursuant to 28 U.S.C. § 1442. This motion to dismiss followed thereafter.

The basis of the defendant's claim concerning improper forum comes from Article XII of the lease which has a forum selection clause which, in effect, vests jurisdiction over all disputes in the agency Board of Contract Appeals or in the United States Court of Federal Claims. That clause provides as follows:

12. This Lease is subject to the Contract Disputes Act of 1978 (Public Law 95–563).

Except as provided in the Act, all disputes arising under or relating to this Lease shall be resolved in accordance with this Article.

a. As used herein, "claim" means a written demand or assertion by one of the parties seeking as a legal right the payment of money, adjustment or interpretation of Lease terms or other relief arising under or relating to this Lease.

b. A voucher, invoice, or request for payment that is not in dispute when submitted is not a claim for the purposes of the Act. however, where such submission is subsequently not acted upon in a reasonable time or is disputed either as to liability or amount, it may be converted to a claim pursuant to the Act.

c. A claim by the Lessor shall be made in writing and submitted to the Contracting Officer for decision. A claim by the Government against the Lessor shall be subject to a decision by the Contracting Officer.

\* \* \* \* \* \*

The Contracting Officer's decision shall be final unless the lessor applies or files a suit as provided in the Act.

\* \* \* \* \* \*

Except as the parties may otherwise agree, pending final resolution of a claim by the Lessor arising under this Lease, the Lessor shall proceed diligently with the performance of the lease and its terms in accordance with the Contracting Officer's decision.

■ The Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613, provides for resolution of disputes before an agency Board of Contract Appeals or the United States Court of Federal Claims. Plaintiff is obviously aware of that provision, since when it instituted its claim for unpaid rent in the amount of $93,000, which was rejected by the Contracting Officer, it appealed that decision to the Board of Contract Appeals. Such provisions have been upheld in a couple of cases such as *Spodek v. United States,* 26 F.Supp.2d 750, 756 (E.D.Pa. 1998); *Deshields v. Chuong,* 1996 WL 397473 at \*1 (E.D.Pa.1996).

■ In addition, the Contract Disputes Act applies to any contract entered into by the FAA, including real estate leases. *See Forman v. United States,* 767 F.2d 875 (Fed.Cir.1985). That Act restricts District Court jurisdiction over actions or claims against the United States regardless of the amount in controversy when founded upon a contract with the federal government. This too prohibits jurisdiction in this District Court. *Chemung County v. Dole,* 781 F.2d 963, 967 (2d Cir.1986).

■ In response to these rather clear contractual and statutory limitations on

where a suit might be filed, plaintiff argues that on a motion to dismiss its factual allegations must be accepted as true, read liberally, and the motion should be denied "unless it appears to a certainty that a plaintiff can prove no set of facts entitling him to relief." *Ryder Energy Distribution v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir.1984). However, motions to dismiss challenging sufficiency of a cause of action are totally dissimilar from those involving the subject matter jurisdiction of a District Court. In deciding such motions, pursuant to Fed.R.Civ.P. 12(b)(1), the standard is similar to that used in summary judgment motions. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). The party invoking the court's jurisdiction has the ultimate burden of proving that the court has such jurisdiction. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996).

Plaintiff argues that it cannot be compelled to litigate in the Agency Board of Contract Appeals or the United States Court of Federal Claims since those bodies lack the ability to give the remedy sought in this action, i.e.; a summary process eviction. We do not decide that issue, although it would seem that if the Federal Court of Claims were to side with the plaintiff's demand for grossly increased rent and the government refused to pay it and attempted to maintain possession, the Court of Claims would have ancillary jurisdiction to direct its eviction.[3]

It is clear that this action seeking a summary eviction is simply plaintiff's strategy to overcome its lack of success with respect to obtaining the large rent increase that it has demanded. The requirements of the Contract Disputes Act cannot be avoided simply by requesting type of relief that the courts given jurisdiction over such disputes might not be able to grant. Consequently the motion to dismiss is granted without prejudice to the

institution of an action in the administrative body or court given jurisdiction to hear such disputes under the Contract Disputes Act of 1978.

---

**3.** Plaintiff eschews any claim that it is proceeding in tort because unlawful possession would be a trespass. It is aware that to make such a claim it would be required to file first an administrative claim which it has not done.