**1–10 INDUSTRY ASSOCIATES, INC., Plaintiff,**

**v.**

**UNITED STATES POSTAL SERVICE, XYZ, Inc. and John Doe(s), Defendants.**

No. 00 CV 5911.

United States District Court, E.D. New York.

March 6, 2001.

Walter Levi, Brooklyn, NY, for Plaintiff.

Kathleen Nandan, United States Attorneys Office, Brooklyn, NY, for Defendants.

### MEMORANDUM & ORDER

GLASSER, District Judge.

Plaintiff 1–10 Industry Associates, LLC, ("Industry Associates") filed this action in the Civil Court of the City of New York, County of Kings, Commercial—Landlord Tenant, on September 27, 2000. Plaintiff demands $42,998.51 in funds allegedly owed by defendant the United States Postal Service ("USPS") in connection with its rental of a section of a building owned by

plaintiff on Third Avenue in Brooklyn. (Petition ¶¶ 2–4) Plaintiff alleges that the funds are owed for electric usage that was sub-metered to defendant. Plaintiff also seeks to vacate defendant from the premises. (*Id.*)

Defendant USPS removed the action to this court on October 2, 2000. Defendant accepts as true for purposes of this motion all of plaintiff's factual allegations, and does not offer a justification for the failure to make rent payments, but now seeks to dismiss the Petition pursuant to Fed. R.Civ.P. 12(b)(1) on the ground that this court lacks subject matter jurisdiction as the lease is governed by the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601–613 (1988). For the foregoing reasons, defendant's motion to dismiss is granted.

■ Because the present motion is one to dismiss pursuant to Rule 12(b)(1), Fed.R.Civ.P., this court simply assesses the legal sufficiency of the Petition. *See LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). All material facts well pleaded in the Petition will be accepted as true, and all reasonable inferences will be made in the light most favorable to the plaintiff. *Id.; see also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief will a motion to dismiss be granted. *Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir.1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ The CDA governs "express or implied contract[s] … entered into by any executive agency" for the "procurement of property, other than real property in being." 41 U.S.C. § 602(a). The Act applies to leases of real property. *Forman v. United States*, 767 F.2d 875 (Fed.Cir. 1985); *Spodek v. United States*, 26 F.Supp.2d 750 (E.D.Pa.1998); *United States v. Black Hawk Masonic Temple Ass'n, Inc.*, 798 F.Supp. 646 (D.Colo.1992); *Hamza v. United States*, 33 Cl.Ct. 14 (1994). Expressly, the CDA states that the USPS is an executive agency covered under its terms. 41 U.S.C. § 601(2). Where it applies, the CDA is the exclusive remedy for a dispute against federal government agencies: "All claims by a contractor against the government shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). A contractor may appeal an adverse determination to an agency board or it may bring an action directly in the United States Claims Court. 41 U.S.C. §§ 605(c), 607, 609(1). Decisional authority in this Circuit suggests that jurisdiction over a claim governed by the CDA at either the initial or the appellate stages does not lie in the United States District Courts. 41 U.S.C. §§ 605–609; *see also Up State Federal Credit Union v. Walker*, 198 F.3d 372, 373 (2d Cir.1999) (per curiam) (the CDA "provides the sole basis for jurisdiction for this action because the Credit Union's claim essentially arises from a contract with the Army. Accordingly, jurisdiction resides exclusively in the Court of Federal Claims.").[1]

---

1. While courts are not entirely in accord on this issue, most are in agreement with this view of the CDA. *See e.g., Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 890 (6th Cir.1998) (district court correctly "concluded that the CDA preempts the general sue-and-be-sued clause" of the United States Small Business Administration (SBA) on the assumption that the SBA's "sue-and-be-sued clause is a jurisdictional grant and not simply a waiver of sovereign immunity"); *A & S Council Oil, Inc. v. Lader*, 56 F.3d 234, 241–42 (D.C.Cir.1995) (Claims Court has exclusive jurisdiction of claims under CDA); *United States v. J & E Salvage Co.*, 55 F.3d 985, 987–88 (4th Cir.1995) ("The review procedures under the CDA are exclusive of jurisdiction in any other forum."); *Jackson v. United States Postal Serv.*, 799 F.2d 1018, 1022 (5th Cir. 1986) ("With the enactment of the Contract Disputes Act, the Claims Court received exclusive jurisdiction to hear any claim arising from a breach of a USPS procurement contract covered by the Act. Thus, to determine whether the district court could entertain plaintiffs' claim for back rent, we must determine whether the subject lease was covered

Plaintiff here does not allege that it complied with the procedures set forth in the CDA in attempting to resolve its dispute against the USPS before filing its claim in Kings County Civil Court. Instead, plaintiff argues that while the CDA provides one method of adjudicating disputes over rent payments with the federal government, it is not the only method. However, plaintiff has provided no support for his assertion, and a reading of the plain language of the statute itself undercuts that assertion. Moreover, courts considering the issue have found that the CDA is based on a " 'congressional intent to provide a single, uniquely qualified forum for the resolution of contractual disputes' ... so that, for claims over $ 10,000, the Claims Court has exclusive jurisdiction except to the extent that Congress has 'granted any other court authority to hear the claims that may be decided by the Claims Court.' " *A & S Council,* 56 F.3d at 241 (quoting *Ingersoll–Rand Co. v. United States,* 780 F.2d 74, 78 (D.C.Cir.1985); *Bowen v. Massachusetts,* 487 U.S. 879, 910 n. 48, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988)).

Plaintiff here has alleged no possible source of such alternative authority and the only alternative that conceivably exists is § 401(1) of the Postal Reorganization Act ("PRA"), 39 U.S.C. §§ 101–5605 (1970), which provides that the USPS shall have the power "to sue and be sued in its official name." § 401(1). This provision, which was enacted 18 years before the CDA and thus arguably limited by the CDA, subjects the USPS to "liability ... the same as any other business." *Franchise Tax Bd. v. United States Postal Service,* 467 U.S. 512, 520, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984). The Ninth Circuit concluded in *Wright v. United States Postal Serv.,* 29 F.3d 1426, 1428 (9th Cir.1994), that the CDA did not withdraw district court jurisdiction over contract claims brought against the USPS by a subcontractor in a post office construction project because of the independent statutory grant of jurisdiction in the "sue and be sued" provision of the PRA. In doing so, however, the Ninth Circuit relied on a previous decision in which it had permitted a contractor to bring a suit against the United States Small Business Administration based on an analogous "sue and be sued" provision of the Small Business Act ("SBA"), 15 U.S.C. § 634(b)(1).

by the Contract Disputes Act. If the Act applies, only the Claims Court may hear this case, ...; if it does not apply, the district court had jurisdiction."); *Victory Outreach Ministries v. United States,* 68 F.Supp.2d 133, 135–36 (D.Conn.1999) (the Contract Disputes Act applies to any contract entered into by the FAA, including real estate leases.... That Act restricts District Court jurisdiction over actions or claims against the United States regardless of the amount in controversy when founded upon a contract with the federal government. This too prohibits jurisdiction in this District Court.) (internal citations omitted); *Spodek v. United States,* 26 F.Supp.2d 750, 754 (E.D.Pa.1998) ("This Court finds that the CDA vests exclusive jurisdiction with either the Agency Board of Contract Appeals or the United States Court of Federal Claims over claims regarding procurement contracts entered into by an executive agency, such as the USPS.").

Other courts have held that the CDA provides a nonexclusive avenue in which contract disputes against executive agencies can be resolved. *See, e.g., Wright v. United States Postal Serv.,* 29 F.3d 1426, 1428 (9th Cir. 1994) (rejecting argument that CDA provides the exclusive basis for litigation of claims relating to government contracts, since "[s]ection 401(1) of the Postal Reorganization Act ("PRA"), 39 U.S.C. §§ 101–5605, provides that the USPS shall have the power 'to sue and be sued in its official name.' [§ 401(1) ] This provision "constitutes a broad waiver of [the] USPS's sovereign immunity, and subjects it to 'liability ... the same as any other business.' "); *Marine Coatings of Alabama, Inc. v. United States,* 932 F.2d 1370, 1377 (11th Cir.1991) ("Though [plaintiff] would be precluded from bringing suit for recovery on the contract unless it complied with the CDA, the CDA does not supersede admiralty provisions providing for another means of recovery."); *Pike v. United States Postal Service,* 886 F.Supp. 487, 490 (E.D.Pa.1995) ("Thus, where a contract falls under both the CDA and the PRA, § 409(a) empowers district courts to hear disputes arising out of that contract.").

Unlike the Ninth Circuit, the Second Circuit has not yet ruled on whether the "sue and be sued" provision of the PRA permits district court jurisdiction over contract disputes outside the CDA framework, despite the general jurisdictional provisions of the CDA. As such, this court is not inclined to follow the reasoning of the Ninth Circuit and instead finds more persuasive the reasoning of the D.C. Circuit in *A & S Council Oil Co. v. Lader*, 56 F.3d 234, 242 (D.C.Cir.1995). *A & S Council* found that the SBA's "sue-and-be-sued" clause did not permit review of contract disputes outside the CDA framework. Informing the court's reasoning was the fact that Congress had made explicit and limited exceptions in the CDA for certain types of contracts. That exemption, held the D.C. Circuit, "would have been wholly unnecessary unless Congress assumed that a sue-and-be-sued clause would not trump the CDA's exclusivity provisions." *Id.* at 242. Moreover, noted the D.C. Circuit, the CDA is "the paradigm of a 'precisely drawn, detailed statute' that preempts more general jurisdictional provisions." *Id.* at 241 (quoting *Brown v. GSA*, 425 U.S. 820, 834, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)). Just as the SBA's "sue and be sued" provision was insufficient in *A & S Council* to warrant recovery outside of the CDA, this court finds that the PRA's "sue and be sued" provision is insufficient to do so here. *See also, Spodek v. United States*, 26 F.Supp.2d 750, 754 (E.D.Pa. 1998) ("The Court finds that 39 U.S.C. § 409(a) vested jurisdiction in the federal district courts to hear claims where the USPS was a party. However, the subsequently enacted CDA divested the federal district courts of jurisdiction over certain procurement contracts to which an executive agency, including the USPS, is a party and which were entered into after the date of its enactment. The CDA vested exclusive jurisdiction over contract claims in which the USPS is a party in either the Agency Board of Contract Appeals or the United States Court of Federal Claims. The Court does not have subject matter jurisdiction ... because [the parties' lease] is a procurement contract within the provisions of the CDA and was entered into after the effective date of the CDA.") (footnote omitted).

 Having found that jurisdiction in this court is lacking, dismissal of the Petition is appropriate. Because plaintiff has failed to exhaust the remedies required for relief under the CDA, transfer to the Court of Claims is not appropriate. *See, e.g., A & S Council*, 56 F.3d at 242 ("Because plaintiffs' claims can only be characterized as ones 'relating to' executive agency contracts and covered by the CDA, and it is undisputed that they failed to exhaust the jurisdictional remedies required for relief under the CDA, there is no need to transfer the case to the Claims Court."). As such, the Petition is dismissed pursuant to Rule 12(b)(1), Fed.R.Civ.P.

SO ORDERED.