# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————————

No. 05-2388

—————————

Kimberly J. Goodin,

        Plaintiff - Appellant,

v.

United States Postal Inspection Service,

        Defendant - Appellee.

Appeal from the United States
District Court for the District
of Minnesota.

—————————

Submitted: March 15, 2006
Filed:   April 19, 2006

—————————

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

—————————

MURPHY, Circuit Judge.

This action was brought by Kimberly J. Goodin complaining that the United States Postal Inspection Service (Postal Service) failed to grant her a reward it had offered for information leading to the arrest and conviction of an armed robber who had assaulted a postal worker. The district court[1] concluded that her claim should be brought in the Court of Federal Claims and dismissed the case for lack of jurisdiction. Goodin appeals, and we affirm.

—————————————

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

A local newspaper reported on a string of armed robberies, one of which involved an assault on a postal worker while he was delivering mail to a Hallmark store. It provided a sketch of the robber on December 7, 2001 and reported that the Postal Service was offering a reward of up to $50,000 "for information leading to the arrest and conviction of the suspect." Goodin talked with Andrew Lien about the article, and both thought they recognized the suspect. Goodin then contacted the police department on December 8 and identified the suspect as Nathan Graves; Lien responded to the reward offer on December 9. Graves was subsequently arrested and charged, and Goodin was subpoenaed to testify at his trial but Graves pled guilty. Both Goodin and Lien submitted applications for the reward, and Lien was paid $5,000 for "information" according to the reward receipt. Goodin did not receive any payment, however. The Postal Service contends that her application was incomplete because it lacked a required personal history form and photograph which Goodin denies.

Goodin sued the Postal Service in the federal district court alleging fraudulent misrepresentation and breach of contract. The Postal Service moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and in the alternative for summary judgment. The district court dismissed the claim for fraudulent misrepresentation, noting that tort claims must be brought against the United States rather than a federal agency and that the government could not be sued for fraudulent misrepresentation even under the Federal Tort Claims Act. See 28 U.S.C. § 2680(h). It dismissed the breach of contract claim for lack of subject matter jurisdiction, because under the Contract Disputes Act (CDA) recovery against the United States on an implied contract for services can only be sought before an agency board or in the Court of Federal Claims. See 41 U.S.C. §§ 602(a), 609(a)(1).

On her appeal Goodin challenges only the dismissal of her breach of contract claim, asserting that the district court had jurisdiction under the "sue and be sued clause" of the Postal Reorganization Act of 1970, see 39 U.S.C. § 401, and that the

offer by the Postal Service was not for the procurement of services and is consequently not subject to the CDA. Goodin argues in the alternative that the Postal Service consented to jurisdiction or is equitably estopped from asserting a lack of jurisdiction because it never provided a written decision concerning her claim and failed to inform her to proceed in the Court of Federal Claims, in violation of 28 U.S.C. § 1491(a)(1) and 41 U.S.C. §§ 601-06.

The Postal Service counters that the Postal Reorganization Act's sue and be sued clause is preempted by the exclusive and comprehensive remedial scheme in the CDA, which provides for judicial review only in the Court of Federal Claims. See 41 U.S.C. § 609(a). The Service also argues that Goodin has waived her argument that the offer does not come under the CDA by not providing sufficient analysis to support it, and she has not explained why a contract for the provision of information would not be a contract for the provision of services subject to the CDA. Her estoppel argument is without merit because officers of the United States cannot waive its sovereign immunity and jurisdiction cannot be established by estoppel. Finally, the government argues that this case can be decided on the alternative ground that no contract was ever formed because the reward offer specified an amount "up to $50,000", no minimum was guaranteed, and the offer was not a promise. See Cornejo-Ortega v. United States, 61 Fed. Cl. 371, 375 (Fed. Cl. 2004).

We review de novo a dismissal for lack of subject matter jurisdiction. See Godfrey v. Pulitzer Pub. Co., 161 F.3d 1137, 1140 (8th Cir. 1998). The CDA specifically encompasses claims based on contracts for the procurement of services entered into by an executive agency, including the United States Postal Service. See 41 U.S.C. §§ 601(2), 602. The CDA provides a "comprehensive statutory system of remedies for resolving government contract disputes", United States v. McDonnell Douglas, 751 F.2d 220, 223 (8th Cir. 1984), and it offers two opportunities for review of an adverse determination by a contracting officer. A contractor may either appeal the decision to an agency board of contract appeals or may seek judicial review in the

Court of Federal Claims.  See 41 U.S.C. §§ 606, 609(a)(1).  Federal district courts are divested of jurisdiction over claims "founded upon any express or implied contract with the United States" that fall within the CDA.  See 28 U.S.C. § 1346(a)(2).

Goodin's assertion that the sue and be sued provision of the Postal Reorganization Act supplied a valid basis for district court jurisdiction fails because a "precisely drawn, detailed statute preempts more general remedies."  Brown v. General Serv's Admin., 425 U.S. 820 (1976).  The CDA has been recognized to have such an effect in respect to other statutes.  Both the Sixth Circuit and the District of Columbia have held, for example, that a claim falling within the coverage of the CDA cannot be removed from that statute's framework through the Small Business Administration's sue and be sued clause.  See, e.g., Campanella v. Commerce Exch. Bank, 137 F.3d 885 (6th Cir. 1998), A&S Council Oil Co., Inc. v. Lader, 56 F.3d 234 (D.C. Cir. 1995). Both courts emphasized that if Congress had intended sue and be sued clauses to enable parties to escape the exclusive jurisdiction provided by the CDA and sue in federal district court, it would not have needed to specify in 41 U.S.C. § 602(b) that disputes over some contracts formed by the Tennessee Valley Authority (which has a sue and be sued clause) are exempted from the CDA.  Campanella, 137 F.3d at 891; A&S Council, 56 F.3d at 242.

Goodin's reliance on LaStrada Inn, Inc. v. United States, 12 Cl. Ct. 110 (Cl. Ct. 1987), and Busby School of Northern Cheyenne Tribe v. United States, 8 Cl. Ct. 596 (Cl. Ct. 1985) is misplaced; she is asserting neither a fair dealing claim as in LaStrada nor a claim similar to the grant-like contract between the tribally elected school board and the Bureau of Indian Affairs in Busby.[2]  Goodin also relies on In re Liberty Const., 9 F.3d 800 (9th Cir. 1993), a Ninth Circuit decision permitting an action

---

[2]The Indian Self-Determination and Education Assistance Act has since been amended to specify that the CDA generally does not apply to contracts involving Indian self determination.  See 25 U.S.C. § 450m-1.

involving the Small Business Administration (SBA) to go forward in the district court but interpreting the CDA restrictively in a manner that has been characterized as "devoid of analysis." See Campanella, 137 F.3d at 891. In contrast, the Fifth Circuit held in a somewhat analogous case to this one that a contract action against the Postal Service arising from an employee suggestion program had to be brought in the Court of Claims. See Hayes v. United States Postal Service, 859 F.2d 354 (5th Cir. 1988). See also Campanella, 137 F.3d at 891, A&S Council, 56 F.3d at 241-42. Such exclusive jurisdiction is consistent with the CDA's purpose of "centralizing the process of contract-dispute resolution and thus making it more efficient", Campanella, 137 F.3d at 890; it is intended "both to limit the waiver of sovereign immunity and to submit government contract issues to forums that have specialized knowledge and experience." United States v. Kasler Elec. Co., 123 F.3d 341, 346 (6th Cir. 1997) (also quoted in Campanella, 137 F.3d at 890).

Goodin's attempt to exempt herself from the reach of the CDA by characterizing her actions as forming a contract for information rather than for services is similarly unpersuasive. We agree with the district court that there is no basis for concluding that the term services does not include the provision of information, particularly in light of the federal regulation on postal awards which authorizes rewards based on the "significance of services rendered, character of the offender, risks and hazards involved, time spent, and expenses incurred." See 39 C.F.R. § 233.2, General Provision 2 (emphasis added).

Goodin alleges that no denial letter was issued in response to her claim, but any failure to issue a timely denial letter is deemed by the statute to be a denial, see 41 U.S.C. § 605(c)(5), which permitted Goodin to pursue the comprehensive remedies available under the CDA. Failure to issue a denial letter cannot create jurisdiction by waiver or estoppel. See, e.g., United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 660 (1947) (only Congress can waive immunity), Hercules Inc. v. United States, 516 U.S. 417, 430 (1996) (jurisdiction cannot be established through equitable

considerations alone). Since we conclude that there was no jurisdiction even if a contract was formed, we do not need to reach the government's argument that no contract was ever formed.

Since the relief sought by Goodin is to recover on a contract, her claim must be brought in the Court of Federal Claims under the statutory scheme created by Congress. See A&S Council, 56 F.3d at 241. Because we agree that the district court did not have jurisdiction to consider Goodin's claim, we affirm.

_____