**Jorge E. GRILLASCA–PALOU, et al., Plaintiffs**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civil Action No. 08–1012 (JAG).**

United States District Court, D. Puerto Rico.

March 19, 2008.

Agustin Diaz–Garcia, Ponce, PR, for Plaintiffs.

Agnes I. Cordero, U.S. Attorney's Office, District of Puerto Rico, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is the United States Postal Service's ("Defendant") Motion to Dismiss. (Docket No. 6). For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2007, Plaintiffs Jorge E. Grillasca Palou, Myriam E. Figueroa Medina, and their conjugal partnership ("Plaintiffs") filed an eviction and collection of monies action against Defendant in the Court of First Instance of the Commonwealth of Puerto Rico, Yauco Part. On January 4, 2008, Plaintiffs claims against Defendant were removed to this Court. (Docket No. 1). Subsequently, Defendant filed a Rule 12(b)(1) Motion to Dismiss.

Defendant stresses that it had a lease agreement with Plaintiffs that was subject to the Contract Dispute Act of 1978, 41 U.S.C. § 601 *et seq.* ("CDA"). Defendant contends that the CDA divests this Court of subject matter jurisdiction over Plaintiffs' claims and, as such, they should be dismissed. (Docket No. 6). Plaintiffs did not oppose Defendant's Motion to Dismiss.

## STANDARD OF REVIEW

A. *Motion to Dismiss Standard*

Under Fed. R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts must narrowly construe jurisdictional grants. *See e.g., Alicea–Rivera v. SIMED,* 12 F.Supp.2d 243, 245 (D.P.R.

1998). Consequently, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995); *Droz–Serrano v. Caribbean Records Inc.,* 270 F.Supp.2d 217 (D.P.R.2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." *See Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996).

Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994); *Torres Maysonet v. Drillex, S.E.,* 229 F.Supp.2d 105, 107 (D.P.R.2002). Under Rule 12(b)(6), dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000)(*quoting Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)). Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.

In *Bell Atl. Corp. v. Twombly,* — U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007)(quoting *Twombly,* 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests

through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

**Discussion**

■ The CDA provides a "comprehensive statutory system of remedies for resolving government contract disputes." *United States v. McDonnell Douglas,* 751 F.2d 220, 223 (8th Cir.1984). "Federal district courts are divested of jurisdiction over claims founded upon any express or implied contract with the United States that fall within the CDA." *Goodin v. United States Postal Inspection Serv.,* 444 F.3d 998, 1000–1001 (8th Cir.2006) (citing 28 U.S.C. § 1346(a)(2)). A lease of post office space is covered by the CDA. *Modeer v. United States,* 68 Fed.Cl. 131, 136 (Ct.Cl.2005) ("When the United States enters into a lease agreement, that lease is a contract subject to the CDA."); *Jackson v. United States Postal Service,* 799 F.2d 1018, 1022 (5th Cir.1986); *Forman v. United States,* 767 F.2d 875, 879 (Fed.Cir. 1985). Thus, jurisdiction over contractual disputes concerning lease agreements entered into by the USPS does not lie in Federal district court. *See id.; Dardar v. Potter,* 2004 WL 422008, 2004 U.S. Dist. LEXIS 3512 (D.La.2004).[1]

In the case at bar, the lease agreement between the parties is covered by the CDA. Thus, this Court lacks jurisdiction to entertain Plaintiffs' breach of contract claim.[2] Consequently, the present case shall be dismissed.

**CONCLUSION**

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss. (Docket No. 6). Plaintiffs' breach of contract claim shall be dismissed without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

1. The CDA provides that disputes arising out of certain Government contracts first be submitted to an agency's contracting officer. *Nat'l Park Hospitality Ass'n v. DOI,* 538 U.S. 803, 804, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003) (citing 41 U.S.C. § 605). If dissatisfied with the contracting officer's decision, the contractor may seek review either from the United States Court of Federal Claims or from an administrative board in the agency. *Id.* (citing 41 U.S.C. §§ 606, 607(d), 609(a)).

That decision may then be appealed to the United States Court of Appeals for the Federal Circuit. *Id.* (citing 28 USC § 1295; 41 U.S.C. § 607(g)).

2. The Claims Court has exclusive jurisdiction to entertain any claim arising from a breach of a Defendant procurement contract covered by the CDA. *Jackson v. United States Postal Service,* 799 F.2d 1018, 1022 (5th Cir.1986); *See also* 41 U.S.C. § 609(a)(1).